THE STATE, EX REL. ADKINS ET AL., APPELLEES, *v.* SOBB ET AL., APPELLANTS.

[Cite as State, ex rel. Adkins, *v.* Sobb (1986), 26 Ohio St. 3d 46.]

(No. 85-1791—Decided August 20, 1986.)

*Lackey, Nusbaum, Harris, Reny & Torzewski Co., L.P.A., Gerald B. Lackey, Joan Torzewski* and *Spiros P. Cocoves,* for appellees.

*Carl F. Dorcas,* director of law, for appellants.

WRIGHT, J. R.C. 9.44 provides:

"A person employed, other than as an elective officer, by the state or any political subdivision of the state, earning vacation credits currently, is entitled to have his prior service with any of these employers counted as service with the state or any political subdivision of the state, for the purpose of computing the amount of his vacation leave. The anniversary date of his employment for the purpose of computing the amount of his vacation leave, unless deferred pursuant to the appropriate law, ordinance, or regulation, is the anniversary date of such prior service."

Because municipalities are political subdivisions of the state, this provision applies to municipal employees who have previously worked for the state or for any subdivision. The controversy in the case at bar stems from the last sentence of R.C. 9.44: "The anniversary date of his employment for the purpose of computing the amount of his vacation leave, unless deferred pursuant to the appropriate law, ordinance, or regulation, is the anniversary date of such prior service." The city argues that, pursuant to this language, it avoided the application of R.C. 9.44 by enacting Sylvania Codified Ordinances 139.07(a) and 139.04(d). The ordinances provide that city employees' vacation leave be based upon each employee's period of continuous service with the city.

The city argues that it is entitled to regulate the vacation leave of its employees pursuant to its powers of local self-government under Sections 3 and 7, Article XVIII of the Ohio Constitution. State law must govern, however, when a statute addresses a matter of general and statewide concern in an area otherwise subject to municipal regulation. See, *e.g., State, ex rel. Evans,* v. *Moore* (1982), 69 Ohio St. 2d 88 [23 O.O.3d 145]. Further, the constitutional home-rule powers of municipalities are subject to the requirement that municipal regulations "not [be] in conflict with general laws." Section 3, Article XVIII. In *State, ex rel. Villari,* v. *Bedford Hts.* (1984), 11 Ohio St. 3d 222, 225, this court held that R.C. 9.44 addresses a matter of general and statewide concern. The court stated, however, that "a municipality may avoid application of R.C. 9.44 by appropriate legislation." *Id.* We are now required to determine whether this statement in *Villari* accurately construes the language of R.C. 9.44 and, if so, whether Sylvania properly avoided application of the statute by enacting Ordinances 139.07(a) and 139.04(d).

Under R.C. 9.44, a municipal employee's "anniversary date" for purposes of computing vacation leave, "unless deferred pursuant to the appropriate law," is the anniversary date of his prior service. We decline to adopt the city's interpretation of this language that R.C. 9.44 may be avoided entirely. The word "defer" is not equivalent to "avoid." Also, the statute only allows deferral of an "anniversary date." The legislature could have provided in straightforward language for political subdivisions to completely circumvent R.C. 9.44. It did not do so and we will not stretch the language of the statute to give it this effect. We, therefore, reject the statement noted above in *Villari, supra,* at 225, which implies such a construction of R.C. 9.44.

A public employee's claim for wages or benefits that are granted by statute or ordinance is actionable in mandamus. *Villari, supra; State, ex rel. Bossa,* v. *Giles* (1980), 64 Ohio St. 2d 273 [18 O.O.3d 461]. The writ is properly issued when the right to relief is clear and the amount can be established with certainty. *Villari, supra,* at 224. We hold that the officers' right to relief is clear because, in R.C. 9.44, the language "[t]he anniversary date of his employment for the purpose of computing the amount of his vacation leave, unless deferred pursuant to the appropriate

law, ordinance, or regulation, is the anniversary date of such prior service" does not enable political subdivisions of the state to entirely avoid the statutory provision in R.C. 9.44 for vacation leave credits attributable to prior public employment. Because the city admitted the length of prior service of each officer, the amount of vacation leave attributable to such service is ascertainable with certainty. Therefore, we affirm the issuance of the writ and order the city to credit the officers with vacation leave attributable to prior public employment in accordance with R.C. 9.44.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, C. BROWN and DOUGLAS, JJ., concur.

LOCHER and HOLMES, JJ., dissent.

LOCHER, J., dissenting. In *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191 [5 O.O.2d 481], this court observed in paragraph seven of the syllabus:

"Where a municipality establishes and operates a police department, it may do so as an exercise of the powers of local self-government conferred upon it by Sections 3 and 7 of Article XVIII of the Constitution; and, if it does, the mere interest or concern of the state, which may justify the state in providing similar police protection, will not justify the state's interference with such exercise by a municipality of its powers of local self-government."

The establishment and operation of a police department is therefore well within the ambit of local municipal control.

In *Benevolent Assn.* v. *Parma* (1980), 61 Ohio St. 2d 375 [15 O.O.3d 450], this court indicated that a state statute compelling a municipality to pay city employees their full salaries while on military leave was in conflict with a local ordinance which specified that only the difference between the city and the military salary would be paid. In resolving this conflict we noted at 378 that "[i]t is axiomatic that an ordinance, similar to the one at bar, if enacted by a chartered municipality, would prevail over the state law irrespective of any conflict. *Mullen* v. *Akron* * * * [(1962), 116 Ohio App. 417 (22 O.O.2d 251)]." We held in *Benevolent Assn.* that any such conflict would also be resolved in favor of a non-charter municipality.

I believe the conflict at bar can only be resolved in favor of Sylvania because this court has articulated that the establishment and operation of a police department is an exercise of municipal self-government as delineated in Ohio's Constitution with respect to home-rule powers. See *State, ex rel. Canada, supra.* Where local ordinance and state statute conflict in matters of local self-governmental concern, the municipal ordinance should prevail. Accordingly I dissent.

HOLMES, J., concurs in the foregoing dissenting opinion.