THE STATE, EX REL. CLARK ET AL., APPELLEES, *v.*
GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, APPELLANT.

[Cite as State, ex rel. Clark, *v.* Greater Cleveland Regional Transit Auth.
(1990), 48 Ohio St. 3d 19.]

(No. 88-1951 — Submitted October 24, 1989 — Decided January 10, 1990.)

[3] In the court of appeals, the parties stipulated to the following facts:

"I. THERE PRESENTLY EXISTS 216 RELATORS IN THIS CLASS ACTION WHO BREAK DOWN INTO FOUR CATAGORIES [*sic*] AS FOLLOWS:

"1. 138. hourly employees of Respondent (G.C.R.T.A.) with prior service with the State of Ohio or a political subdivision thereof who have not received prior service vacation credit by Respondent.

"a. 19. of these 138 hourly employees were rehired having had prior employment with the Respondent (G.C.R.T.A.).

"2. 31. salaried employees of Respondent (G.C.R.T.A.) with prior service with the State of Ohio or a political subdivision thereof who had received some prior service vacation credit by Respondent.

"a. 5. of these salaried employees were rehired, having had prior employment with the Respondent (G.C.R.T.A.).

"3. 42. former hourly employees of Respondent (G.C.R.T.A.) who had prior employment with the State of Ohio or a political subdivision thereof and who had not received prior service vacation credit when they were in Respondent's employ after August 27, 1970.

"4. 5. former salaried employees of Respondent (G.C.R.T.A.) who had prior employment with the State of Ohio or a political subdivision thereof and 3 of whom had received some prior service vacation credit when they were in Respondent's employ after August 27, 1970.

"* * *

"II. OHIO REVISED CODE SECTION 9.44 ENTITLED (VACATION LEAVE) WAS EFFECTIVE AUGUST 27, 1970.

"III. RESPONDENT IS A REGIONAL TRANSIT AUTHORITY CREATED PURSUANT TO OHIO REVISED CODE SECTION 306.30-54 AND 306.70-71 AND IS A POLITICAL SUBDIVISION OF THE STATE OF OHIO, AND IS A BODY CORPORATE WITH ALL THE POWERS OF A CORPORATION.

"IV. RELATOR CLARK HAS MADE A REQUEST OF THE RESPONDENT THAT HE BE GIVEN PRIOR SERVICE VACATION CREDIT FOR PREVIOUS EMPLOYMENT WITH THE STATE OF OHIO OR POLITICAL SUBDIVISION THEREOF IN ACCORDANCE WITH THE PROVISIONS OF OHIO REVISED CODE SECTION 9.44, AND RESPONDENT HAS DENIED SAID REQUEST. RELATOR CLARK FILED NO ADMINISTRATIVE APPEAL AND/OR GRIEVANCE TO THAT DENIAL.

"* * *

"VI. ALL HOURLY EMPLOYEES IDENTIFIED HEREIN WERE SUBJECT TO A COLLECTIVE BARGAINING AGREEMENT BETWEEN THEIR LABOR ORGANIZATIONS AND G.C.R.T.A.

"a. That since 1970 until September 12, 1987 the employees within Grades 1-6 have been exclusively represented by Local 268-Amalgamated Transit Union (ATU).

"b. That on September 12, 1987 Fraternal Order of Police (FOP), Ohio Labor Council, Inc. became the exclusive bargaining representative of all employees in Security Officers Grade 3 and 4 and Transit Police Sergeants in Grade 5.

"c. That since September 12, 1987 ATU has remained the exclusive bargaining representative of all employees in Grades 1-6, other than those exclusively represented by FOP.

"d. That ATU and FOP are employee organizations as defined in 4117.01 O.R.C.

"e. That since 1975 GCRTA has bargained collectively with those labor organizations and entered into collective bargaining agreements as follows:
"1970-ATU
"1973-ATU

*Butler, Clarke, Feighan & Hyland, Dennis F. Butler* and *Joseph E. Feighan,* for appellees.

*Duvin, Cahn & Barnard, Martin T. Wymer* and *Barton A. Bixenstine,* for appellant.

DOUGLAS, J. GCRTA contends that the court of appeals erred in granting prior service vacation credit as the parties are bound to the terms of their collective bargaining agreements. Specifically, GCRTA contends that vacation leave entitlement is comprehensively addressed in the parties' collective bargaining agreements and that pursuant to R.C. 4117.10(A), the provisions of the agreements supersede or prevail over any and all conflicting laws.

I

The first issue before us is whether employees covered by a collective bargaining agreement, entered into pursuant to R.C. Chapter 4117 between a public employer and a bargaining representative of public employees, are entitled to previously earned vacation credit under R.C. 9.44 where the collective bargaining agreement fails to specifically exclude vested rights accrued pursuant to R.C. 9.44. For the reasons that follow, we hold that R.C. 9.44 imposes a mandatory duty on any political subdivision of the state of Ohio to credit employees with prior service vacation credit, absent a collective bargaining agreement entered into pursuant to R.C. Chapter 4117 which specifically excludes rights accrued under R.C. 9.44.

R.C. 4117.10(A) provides in pertinent part:

"An agreement between a public employer and an exclusive representative entered into pursuant to Chapter 4117. of the Revised Code governs the wages, hours, and terms and conditions of public employment covered by the agreement. * * * *Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees. * * * Chapter 4117. of the Revised Code prevails over any and all other conflicting laws,* resolutions, provisions, present or future, except as otherwise specified in Chapter 4117. of the Revised Code or as otherwise specified by the general assembly. * * *" (Emphasis added.)

There is no question that the collective bargaining agreements at issue include a vacation eligibility provision for individuals employed by the GCRTA.[4] This general provision does

"1976-ATU
"1979-ATU
"1982-ATU
"1985-ATU
"1987-FOP
"* * *
"VII. UNDER THE PROVISIONS OF 306.35 O.R.C. GCRTA IS EMPOWERED TO ENTER INTO SIGNED WRITTEN LABOR AGREEMENTS."

[4] The vacation eligibility provisions contained in both collective bargaining agreements are substantially identical and provide as follows:

not mean, however, that it is the exclusive or last word involving all matters of vacation. This is so because R.C. 4117.10(A) provides that when the agreement makes *no specification* about a matter pertaining to wages, hours and terms and conditions of employment, the parties are governed by all state or local laws or ordinances addressing such terms and conditions of employment. Not *specifically* addressed by the collective bargaining agreements in question is the prior service credit an individual is entitled to receive pursuant to R.C. 9.44.

R.C. 9.44 at the time of this action provided:

"A person employed, other than as an elective officer, by the state or any political subdivision of the state, earning vacation credits currently, is entitled to have his prior service with any of these employers counted as service with the state or any political subdivision of the state, for the purpose of computing the amount of his vacation leave. * * *"

Thus, pursuant to R.C. 4117.10 (A), the parties to these agreements are subject to the provisions of R.C. 9.44 since the collective bargaining agreements make no specification about *prior* service credits in the computation of vacation leave.

In granting appellees' complaint for a writ of mandamus and ordering GCRTA to credit appellees with vacation leave attributable to previous public employment, the court of appeals relied upon our decision in *State, ex rel. Adkins,* v. *Sobb* (1986), 26 Ohio St. 3d 46, 26 OBR 39, 496 N.E. 2d 994. In *Sobb,* we dealt with an ordinance which attempted to base an employee's vacation leave upon that employee's period of continuous service with the city. We held that the city of Sylvania could not "avoid" R.C. 9.44 by enact-

---

"Section 10: *Vacations*

"*Eligibility* - Effective January 1, 1980, all full time employees who have completed one (1) year of continuous service with the Greater Cleveland Regional Transit Authority will be eligible for a paid vacation.

"The vacation received in any calendar year shall be based on the number of years of service of the employee and on the number of days worked by the employee in the previous calendar year. For purposes of determining vacation eligibility only, holidays and vacation days shall be considered as days worked.

"Provided the employee has worked in excess of one hundred and seventy-eight (178) days in the previous calendar year, his/her vacation shall be as follows:

"(1)  With one year of continuous service, 5 work days

"(2)  With two years of continuous service, 10 work days

"(3)  With five years of continuous service, 15 work days

"(4)  With thirteen years of continuous service, 20 work days

"(5)  With twenty-three years of continuous service, 25 work days

"(6)  After thirty years of continuous service, 30 work days

"Provided the employee has worked less than one hundred and seventy-nine (179) days in the previous calendar year, the number of days of his/her vacation shall be reduced by the following percentage amount:

"Less than 179 days and more than 147 days — 20%

"Less than 148 days and more than 118 days — 40%

"Less than 119 days and more than 89 days — 60%

"Less than 90 days and more than 60 days — 80%

"Employees who have worked less than sixty-one (61) days in the previous calendar year shall receive no vacation.
"* * *"

ment of such ordinances. *Id.* at 48, 26 OBR at 41, 496 N.E. 2d at 996. Of course, in *Sobb,* there was no collective bargaining agreement and, thus, R.C. 4117.10(A) was not applicable.

Simply stated, in their new and most recent employment with the GCRTA, appellees brought with them pockets filled with benefits to which they are entitled under Ohio law. The collective bargaining agreements failed to specifically take the benefits provided by R.C. 9.44 from appellees and, thus, they retained their entitlement to them.

Appellant, in support of its position, cites our recent decision in *Rollins* v. *Cleveland Hts.-University Hts. Bd. of Edn.* (1988), 40 Ohio St. 3d 123, 532 N.E. 2d 1289, as well as a plethora of unreported appellate cases. None of these cases supports appellant's contention that the court of appeals erred here.

In *Rollins,* a collective bargaining agreement increased the tenure eligibility requirements for teachers. The additional prerequisite to tenure eligibility contained in the collective bargaining agreement was not contained in R.C. 3319.11, which established the statutory requirements for tenure eligibility. In interpreting R.C. 4117.10(A), we held that the collective bargaining agreement's requirements must prevail because of the clear conflict between the contract and the statutory provision. *Id.* at 126-127, 532 N.E. 2d at 1293-1294.

In the case at bar, no conflict exists between R.C. 9.44 and the provisions of the collective bargaining agreements. The agreements at issue did not specifically address the matter of prior service credit for purposes of computing vacation leave. R.C. 4117.10(A) clearly requires that the parties be subject to all laws pertaining to wages, hours and terms and conditions of employment when no specification as to such a matter is made.

Likewise, the unreported court of appeals cases cited by appellant are not pertinent. All these cases are inapposite because in the case at bar no conflict exists between R.C. 9.44 and the collective bargaining agreements at issue.

II

The second and final issue presented is whether the court of appeals erred in issuing a writ of mandamus. We find that the appellate court did not err.

In order for a writ of mandamus to issue, it must be shown that there is a clear legal right to the relief prayed for, that there is a clear legal duty upon respondent to perform the requested action, and that the relator has no adequate remedy at law. *State, ex rel. Akron Fire Fighters Assn.,* v. *Akron* (1978), 54 Ohio St. 2d 448, 450, 8 O.O. 3d 443, 444, 377 N.E. 2d 512, 513.

Herein, appellees had a clear legal right to the prior service vacation credit mandated by R.C. 9.44 and appellant had a legal duty to provide such credits. Further, we find that appellees had no adequate remedy at law. The provisions for grievances and arbitration contained in the collective bargaining agreements did not encompass the issue in controversy.[5] Appellees were

---

[5] The arbitration clauses in both collective bargaining agreements contain substantially identical language and provide in part as follows:

"Any dispute, claim, grievance or difference between any employee or employees of the Greater Cleveland Regional Transit Authority who have chosen to be represented with respect thereto by Local 268 of the Amalgamated Transit Union on

not harmed by a breach of the contract, but, rather, by the failure of appellant to perform its legal duty. See *State, ex rel. Bossa,* v. *Giles* (1980), 64 Ohio St. 2d 273, 18 O.O. 3d 461, 415 N.E. 2d 256. The dispute does not "arise out of" the agreement because the agreement contained no provision regarding prior service vacation credits. The dispute "arose out of" a failure to perform a legal duty. Nor did the issue in controversy "relate to" any condition of employment "contained" in the agreement. The agreement contained no provision relating to the matter specifically addressed by R.C. 9.44.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. In arriving at its determination, the majority herein, as well as the court of appeals, improperly interpreted R.C. 4117.10 (A), which in pertinent part is as follows:

"An agreement between a public employer and an exclusive representative entered into pursuant to Chapter 4117. of the Revised Code governs the wages, hours, and terms and conditions of public employment covered by the agreement. * * * Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state * * * laws * * * pertaining to the wages, hours, and terms and conditions of employment for public employees."

The court of appeals relied upon the language "makes no specification about a matter" in the above section to hold that the vacation eligibility provisions of the collective bargaining agreements were not controlling, but instead that R.C. 9.44(A) controlled, and that appellees' prior service vacation credits from all other political subdivisions and the state must be counted.

Here, there is no dispute that the subject of paid vacation time was a specific part of the collective bargaining agreements as written and agreed to by the parties. Therefore, it may reasonably be assumed that all facets of the subject were considered and resolved as part of the totality of such bargaining agreements. However, the court of appeals and now this majority interpret the language of "no specification about a matter" not as referring to vacation eligibility in general, but as referring specifically to the vacation credit resulting from prior public service under R.C. 9.44. The majority, as well as the court of appeals, concludes that since this benefit is not directly addressed by the agreements' provisions regarding vacation eligibility, the provisions did not conflict with the statute. In effect, this majority concludes that a conflict would exist only if the agreements expressly excluded the benefit or provided a comparable benefit.

the one hand and the management of the Greater Cleveland Regional Transit Authority on the other hand which may arise out of, or relate to, any condition of employment contained herein, at the request of either party to any such dispute, claim, grievance or difference shall be submitted to an arbitration committee for consideration and determination. * * *"

Greater Cleveland Regional Transit Authority's interpretation of the statute is a reasonable one in that there was indeed complete coverage of the subject of vacation eligibility within the agreements themselves. The "makes no specification about a matter" clause follows the statute's instructions that an R.C. Chapter 4117 agreement "governs the wages, hours, and terms and conditions of public employment covered by the agreement." Thus, the term "matter" in the code provision seems to refer to a wage, hour, or a condition of employment (here, vacations) set forth in such an agreement.

Applying this analysis shows a clear conflict between the contract provisions in dispute and R.C. 9.44. As even appellees acknowledge, continuous service with GCRTA is the sole requirement in all cases for vacation eligibility under the agreements. In other words, continuous service with GCRTA is the only factor to be considered in deciding whether and how much vacation leave certain GCRTA employees receive. In contrast, R.C. 9.44 requires prior service with another public employer to be considered in deciding the amount of vacation leave to which an employee is entitled. However, by providing vacation leave only on the basis of continuous GCRTA service, the agreements necessarily exclude vacation leave based on any other factors.

When analyzed this way, this case is analogous to *State, ex rel. Rollins,* v. *Cleveland Hts.-University Hts. Bd. of Edn.* (1988), 40 Ohio St. 3d 123, 532 N.E. 2d 1289, and the appellate decisions on which GCRTA relies. It is another example of a case in which a collective bargaining agreement and a statute provide different eligibility requirements for a condition of employment. Thus, under *Rollins* and R.C. 4117.10(A), the contract provisions should prevail. The hourly employees are therefore not entitled to a writ of mandamus ordering vacation credit for their prior public service.

Thus, I respectfully dissent.

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.