**In re: Cheryl Lemley-Wingo**
*[Cite as 6 AOA 76]*

Case No. 1622
Ross County, (4th)
Decided August 22, 1990

*Michael S. Kolman, Spater, Gittes, Schulte & Kolman, Columbus, Ohio, for Appellant.*

*William J. Corzine, City Law Director, and Thomas E. Bunch, Assistant City Law Director, Chillicothe, Ohio, for Appellee.*

HARSHA, J.

This is an appeal from a judgment entered by the Ross County Court of Common Pleas which vacated an order of the Civil Service Commission of Chillicothe, Ohio. The Commission had reinstated Cheryl Lemley-Wingo, appellant, to her former position as deputy clerk of the Chillicothe Municipal Court. In this capacity, Cheryl Lemley-Wingo was an employee of appellee, the City of Chillicothe.

Appellant assigns the following error:

"THE ROSS COUNTY COMMON PLEAS COURT ERRED WHEN IT REVERSED AND DISMISSED APPELLANT'S APPEAL OF THE MUNICIPAL CIVIL SERVICE COMMISSION'S DECISION ORDERING THAT THE APPELLANT BE REINSTATED. THE COURT ERRED BY CONCLUDING THAT THE MUNICIPAL CIVIL SERVICE COMMISSION DID NOT HAVE JURISDICTION TO HEAR APPELLANT'S APPEAL BECAUSE THE COLLECTIVE BARGAINING AGREEMENT BETWEEN THE CITY OF CHILLICOTHE AND AFSCME LOCAL 1562 DOES NOT SUPERSEDE, PURSUANT TO [R.C.] 4117.10(A), THE OTHER PERTINENT PROVISION OF THE OHIO REVISED CODE."

In 1987, appellee and the American Federation of State, County, and Municipal Employees (AFSCME) Local 1562 entered into a collective bargaining agreement that was effective from September 1, 1987 through August 31, 1990. The collective bargaining agreement provides, in pertinent part, as follows:

"ARTICLE I
"Recognition

*"Section 1.*

"The Employer recognizes the American Federation of State, County, and Municipal Employees as the sole and exclusive bargaining agent for all employees in the bargaining unit for the purpose of the promotion of harmonious relations between the Employer and the Union, the establishment of an equitable and peaceful procedure for the resolution of differences and the establishment of rates of pay, hours of work, and other conditions of employment.

*"Section 2.*

"The bargaining unit shall include all employees except policemen, firemen, confidential secretaries, department heads, assistant department head, Compliance Officer, Office Manager, Tax Auditor, Utility Superintendent, Service Superintendent, Waste-Water Supervisor, Employee Relations Manager, and part-time seasonal employees. The supervisory employees who are Union members are part of the bargaining unit, but in the event of a strike or walk-out, either authorized or unauthorized, they shall report and remain on their job shift.

"***

"ARTICLE X
"Seniority

*"Section 5. PROBATIONARY EMPLOYEES*

"(A) Probationary employees shall not accumulate seniority during their first ninety (90), eight (8) hour work days. During that time, the employee serves at the Employer's pleasure and is subject to discipline or discharge without recourse under this contract, any court of law, administrative body, or other dispute resolution procedure. Once the employee has attained permanent status, seniority shall run retroactively from the date of hire. This contract shall not serve as a basis to guarantee continued employment with the City.

"***

"ARTICLE XXII
"Discipline

*"Section 1.*

"The Employer will not discipline a nonprobationary employee without just cause."

On September 6, 1988, appellant was appointed to the position of deputy clerk by the Clerk of the Chillicothe Municipal Court. Appellant was discharged from her job on October 5, 1988, after having served only twenty-two days of her ninety day probationary period. Prior to her termination, on September 16, 1988, appellant signed a written authorization for a monthly payroll deduction for "regular payment of the current rate of monthly union dues established by AFSCME Local Union No. 1562, Council No. 8." On November 17, 1988, appellant attempted to file a grievance concerning her termination through an AFSCME union representative. The grievance was refused by appellee.

Appellant filed a timely appeal from the appointing authority's termination of her employment and on January 11 and 30, 1989, hearings were held before the Chillicothe Civil Service Commission. At the latter hearing, AFSCME Local 1562 President Harold Robinson testified that the union could not protect probationary employees such as appellant pursuant to the collective bargaining agreement, that the union did not represent appellant concerning her grievance, and that appellant was not a member of the union. Robinson further testified that the union only filed a grievance on appellant's behalf because they were unsure as to whether or not appellant was entitled to union representation. However, Robinson acknowledged that the form signed by appellant which authorized the deduction of union dues was the form to be completed in order to join the union. Appellant testified that she signed the written authorization for the deduction of union dues because the money was going to come out anyway under a fair share provision and therefore, an employee of appellee "might as well be a union member."

On February 16, 1989, the Chilicothe Civil Service Commission issued a decision ordering that appellant be reinstated to her deputy clerk position. The Chillicothe Civil Service Commission determined that appellee had failed to establish that appellant had been discharged for just cause or any of the reasons set forth in R.C. 124.34. The Chillicothe Civil Service Commission further determined that appellant's employment was subject to the provisions of R.C. 124.27 "notwithstanding any actual or contrived attempts to subject her to the provisions of the collective bargaining agreement entered into by the City of Chillicothe and AFSCME Local 1562, effective 9-1-87 to 8-31-90."

Appellee filed a timely notice of appeal pursuant to R.C. 124.34 and R.C. 119.12 to the Ross County Court of Common Pleas from the Chillicothe Civil Service Commission's decision, contesting both the Commission's jurisdiction and its decision on the merits. On August 16, 1989, the court below filed an "OPINION"[1] which determined that appellant was a member of the bargaining unit and was subject to the collective bargaining agreement, that the agreement prevailed over conflicting provisions of R.C. 124.27 and R.C. 124.34 and that therefore, the Chillicothe Civil Service Commission was without jurisdiction to hear appellant's appeal of her termination. The lower court vacated the order of the Chillicothe Civil Service Commission and dismissed appellant's cause of action on jurisdictional grounds.

Appellant's sole assignment of error on appeal asserts that the Ross County Court of Common Pleas erred when it reversed and dismissed her appeal. Appellant's main contention on appeal is that the trial court erred by concluding that the Chillicothe Civil Service Commission did not have jurisdiction over her appeal since the collective bargaining agreement between appellee and the union did not supersede, pursuant to R.C. 4117.10(A), pertinent statutory provisions.

Prior to the enactment of R.C. Chapter 4117, public employees had been permitted to collectively bargain with their employer only when the employer, in its discretion, chose to engage in such bargaining. *Assn. of Cuyahoga Cty. Teachers of Trainable Retarded v. Cuyahoga Cty. Bd. of Mental Retardation* (1983), 6 Ohio St. 3d 190. On April 1, 1984, the General Assembly enacted the Public Employees' Collective Bargaining Act, codified in R.C. Chapter 4117, in order to establish a legal framework for public sector labor relations. *Local 4501 v. Ohio State. Univ.* (1986), 24 Ohio St. 3d 191, 195. The act established a comprehensive collective bargaining law for Ohio's public employees. *State, ex rel. Williams v. Belpre City School Dist. Bd. of Edn.* (1987), 41 Ohio App. 3d 1, 6.

R.C. 4117.10(A) provides, in pertinent part, as follows:

"(A) An agreement between a public employer and an exclusive representative entered into pursuant to Chapter 4117. of the Revised Code governs the wages, hours, and terms and conditions of public employment covered by the agreement. *If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were the subject of a final and binding grievance procedure.* Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees.

"***"

"Chapter 4117. of the Revised Code prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in Chapter 4117. of the Revised Code or as otherwise specified by the general assembly.

"***"

(Emphasis added).

Appellant admits that the collective bargaining agreement provided that probationary employees could be discharged for any reason during their probationary period without recourse of an appeal to "any court of law" or "administrative body." However, appellant contends that since the agreement provided for binding arbitration for nonprobationary employees but precluded arbitration for probationary workers, the collective bargaining agreement did not supersede a terminated probationary employee's right to appeal under R.C. 124.34, and further, under R.C. 124.27 appellant could not be discharged without cause during the first sixty days of her employment regardless of the provisions of Art. X, Sec. 5(A) of the agreement. Appellant is only partially correct.

The second sentence of R.C. 4117.10(A) states that "[i]f the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure and the state personnel board of review or civil service commissions have no jurisdiction to receive and determine any appeals relating to matters that were subject to a final and binding grievance procedure." The Eleventh District Court of Appeals, in the context of a mandamus action, applied R.C. 4117. 10(A) as follows:

"It appears that the foregoing statute precludes jurisdiction to a civil service commission over matters that 'were the subject of a final and binding grievance procedure.' It is discerned that

the legislature through the foregoing language sought to prevent dual litigation through both an arbitration exercise and a separate appeal to a civil service commission. Here, however, Relator's appeal was never the subject of grievance procedure or final and binding arbitration pursuant to a collective bargaining agreement. Therefore, we conclude that R.C. 4117.10(A) does not interdict the Civil Service Commission's assertion of jurisdiction here."

*Monico v. Girard Bd. of Edn.* (Dec. 4, 1987), Trumbull App. No. 3716, unreported, p. 7.

Additionally, one commentator has stated as follows with respect to that provision:

"The enforcement of grievances supersedes civil service appeals.
"***
"This provision makes the contract the primary vehicle for agreement. *Appeals to other bodies are excluded, but only if the issue is one for which grievance procedures existed and then only if the contract made those procedures final and binding.*
"***
"If the grievance arbitration process is binding and final, no appeal can be taken to any body. (Presumably a mandamus writ could be sought in an extreme case.) Other bodies are stripped of legal jurisdiction to hear appeals."

O'Reilly, Ohio Public Employee Collective Bargaining (1984), p.173 (Emphasis added).

In that the issue involved in the case at bar, i.e. a probationary employee's discharge from public employment, was not the subject of a final and binding grievance arbitration process in the collective bargaining agreement, the Chillicothe Civil Service Commission was not divested of jurisdiction over appellant's appeal by virtue of provisions relating to non-probationary employees. *Monico, supra,* O'Reilly, *supra.*

As noted previously, the trial court held that the remaining language of R.C. 4117.10(A) allows public employers and employees to collectively bargain away the jurisdiction of municipal civil service commissions and courts. Under R.C. 4117.10(A), on matters of wages, hours or terms and conditions of employment, a collective bargaining agreement entered into pursuant to R.C. Chapter 4117 prevails over a conflicting law unless such law falls within one of the exceptions listed in R.C. 4117.10(A). *State, ex rel. Rollins v. Cleveland Hts.-University Hts. Bd. of Edn.* (1988), 40 Ohio St. 3d 123, paragraph one of the syllabus; *Jurcisin v. Cuyahoga Cty. Bd. of Elections* (1988), 35 Ohio St. 3d 137, 143. R.C. 4117.10(A)

was designed to free public employees from conflicting laws which may act to interfere with the newly established right to collectively bargain. *State, ex rel. Dispatch Printing Co. v. Wells* (1985), 15 Ohio St. 3d 382, 384; *Rollins, supra* at p. 127.

In this regard, the Supreme Court of Ohio recently noted as follows:

"Collective bargaining negotiations involve a process whereby two parties come to the bargaining table, each with a number of rights and obligations established by state and local laws, which rights and obligations are placed on the table and either bartered away or retained to the satisfaction of both parties." *Bashford v. Portsmouth* (1990), 52 Ohio St. 3d 195, at 200.

Although *Monico, supra;* and O'Reilly, *supra,* might suggest that the Chillicothe Civil Service Commission would have jurisdiction over appellant's appeal from her discharge, neither of those authorities indicate that the rights afforded by state law provisions allowing this administrative appeal could not be bargained away pursuant to the parties' collective bargaining agreement. Rather, the statutory right to appeal a discharge pursuant to R.C. 124.34 was a right placed on the bargaining table to be either bartered away or retained to the satisfaction of both parties. *Bashford, supra.* Accordingly, as the lower court aptly concluded, the agreement's provision divesting probationary employees of their statutory right to appeal a termination of employment pursuant to R.C. 124.34 was a term or condition of appellant's employment and, consequently, the collective bargaining agreement was controlling since none of the specified exceptions in R.C. Chapter 4117 was applicable. In other words, the General Assembly did not specify that the second sentence of R.C. 4117.10(A) provided an exception to the remainder of R.C. 4117.10(A). Therefore, the trial court properly determined that the Chillicothe Civil Service Commission was without jurisdiction to hear appellant's appeal from her discharge pursuant to the terms of the collective bargaining agreement and R.C. 4117.10(A).

Assuming, *arguendo,* that the trial court erred in dismissing the appeal for lack of jurisdiction, we are still not persuaded that a reversal is required in the instant case. In order to a support a reversal of a judgment, the record must show affirmatively not only that error intervened, but that such error was to the prejudice of the party seeking reversal. *Gries Sports Enterprises, Inc. v.*

*Cleveland Browns Football Co.* (1986), 26 Ohio St. 3d 15, 28; *Lowry v. Lowry* (1988), 48 Ohio App. 3d 184, 190. Appellant has the burden under Ohio law to establish more than just a mere possibility of prejudice. *Tirpak v. Weinberg* (1986), 27 Ohio App. 3d 46; *Lowry, supra* at p. 190. Hence, assuming that the civil service commission had the requisite jurisdiction to consider and render a determination respecting appellant's discharge, it was obligated to follow the applicable law.

The Chillicothe Civil Service Commission relied upon R.C. 124.27 and R.C. 124.34 to hold that since appellant was discharged prior to the completion of one-half of her probationary period or sixty days, the discharge would only be valid if supported by just cause.[2] However, in so holding, the civil service commission ignored Art. X, Sec. 5 of the collective bargaining agreement which provides that a probationary employee serves "at the Employer's pleasure and is subject to *** discharge" and additionally ignored Art. XXII, Sec. 1 of the agreement which states that the "Employer will not discipline a non-probationary employee without just cause." The ability to discharge probationary employees with or without just cause is a proper subject of collective bargaining. R.C. 4117.08(A); see *Bashford, supra,* and *Walton v. Welfare Dept.* (1982), 69 Ohio St. 2d 58, 64. Where an agreement makes no specification about a matter pertaining to wages, hours and terms and conditions of employment, the parties are governed by all state or local laws or ordinances addressing these terms and conditions of employment. R.C. 4117.10(A); *State, ex rel. Clark v. Greater Cleveland Regional Transit Auth.* (1990), 48 Ohio St. 3d 19, 22.

Unlike *Clark, supra,* the agreement between appellee and AFSCME Local 1562 was sufficiently specific to indicate that probationary employees could be discharged without just cause since they served at appellee's "pleasure." Moreover, application of the interpretative maxim *expressio unius est exclusio alterius,* i.e. the expression of one thing is the exclusion of the other, Black's Law Dictionary (5th Ed. 1979), p. 521, to the Art. XXII, Sec. 1 contractual provision mandates a similar conclusion. Accordingly, as a matter of law, the Chillicothe Civil Service Commission was required to find that the provisions of the collective bargaining agreement prevailed over the conflicting provisions of R.C. 124.27 and R.C. 124.34, regarding discharge of probationary employees, pursuant to R.C. 4117.10(A). In that appellee was entitled to discharge appellant without just cause, the trial court would not have

committed prejudicial error in effectively reversing the decision of the Chillicothe Civil Service Commission and vacating the commission's order of reinstatement.

Finally, we additionally note that appellant's reliance upon R.C. 124.27 to support her contention that she could only be discharged for just cause is arguably misplaced. R.C. 3.06(A) provides that a "deputy or clerk, appointed in pursuance of law, holds the appointment only during the pleasure of the officer appointing him." See also 1976 Ohio Atty. Gen. Op. No. 031, wherein it is stated that employees within the court of common pleas, division of domestic relations, are unclassified civil service employees. In the case at bar, appellant was appointed as a deputy clerk pursuant to R.C. 3.06(A) by the Clerk of the Chillicothe Municipal Court and hence, notwithstanding R.C. 124.27, served at her appointing authority's pleasure. Therefore, under both the collective bargaining agreement as well as applicable state law, appellant could be properly discharged from her position without just cause.

Accordingly, for the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the lower court is affirmed.[3]

GREY, J., concurs in judgment only.

ABELE, P.J., concurs in judgment and opinion.

---

[1] The journal entry appealed from was simply labelled "OPINION," rather than "JUDGMENT ENTRY" or "OPINION AND ENTRY." Pursuant to Civ. R. 58, it appears that while an opinion could possibly serve as a judgment, the preferable course of action would have been to label the filed document as an entry. See, e.g. *Millies v. Millies* (1976), 47 Ohio St. 2d 43, 45. This court has appellate jurisdiction only over final orders, i.e. judgments, and not mere opinions. OHIO CONST. ART. IV, SEC. 3 (B)(F).

However, the label or title placed on a document is not by itself determinative that the document is, in fact, a judgment entry. *St. Vincent Charity Hosp. v. Mints* (1987), 33 Ohio St. 3d 121, 123; *Peters v. Arbaugh* (1976), 50 Ohio App. 2d 30. Where the trial court clearly evinces the intent that the document represents the announcement of its judgment in the case, the document is a judgment entry from which an appeal may be taken. *Mints, supra* at 123; *Millies v. Millies* (1976), 47 Ohio St. 2d 43. The August 16, 1989 "OPINION" of the trial court concluded with the following language:

"The order of the Commission is hereby vacated and this cause is dismissed for want of jurisdiction. Exceptions reserved. Costs to Appellee." We are persuaded that the August 16, 1989 document was effectively the trial court

entry. Additionally, it is noted that neither party asserts otherwise.

[2] R.C. 124.27 provides, in pertinent part, as follows:

"If the service of the probationary employee is unsatisfactory, he may be removed or reduced at any time during his probationary period after completion of sixty days or one-half of his probationary period, whichever is greater. If the appointing authority's decision is to remove the appointee, his communication to the director shall indicate the reason for such decision. Dismissal or reduction may be made under provisions of Section 124.34 of the Revised Code during the first sixty days of first half of the probationary period, whichever is greater."

[3] We note that the trial court held that whether or not the evidence before the Chillicothe Civil Service Commission was disputed as to whether appellant was a union member, AFSCME Local 1562's status as exclusive representative of employees like appellant, made the collective bargaining agreement binding on appellant. This conclusion is supported by the pertinent provisions of R.C. Chapter 4117. See, e.g. R.C. 4117.04(A) and (B); O'Reilly, *supra* at p. 141, et seq.