**North Olmsted Fire Fighters Assoc.**
**v.**
**North Olmsted**
*[Cite as 7 AOA 303]*

*Case No. 58968*
*Cuyahoga County, (8th)*
*Decided September 10, 1990*

*Joseph W. Diemert, Jr. and Thomas M. Hanculak, 1360 S.O.M. Center Road, Cleveland, Ohio 44124, for Relators.*

*Michael R. Gareau, Director of Law and James M. Dubelko, Assistant Director of Law, 23823 Lorain Road, Suite 200, North Olmsted, Ohio 44070, for Respondents.*

## J.F. CORRIGAN, P.J.

Relators, Richard A. Smith and North Olmsted Fire Fighters Association, Local 1267 of the International Association of Fire Fighters, are seeking a writ of mandamus directing respondents, the City of North Olmsted and its Mayor, to give prior service vacation credit pursuant to R.C. 9.44 to relator Smith for his active and nonactive service in the Ohio national guard. For the following reasons, we grant relators' request in part for his active duty but limit respondents' liability for vacation credit in accordance with R.C. 2305.07, the six-year statute of limitations.

Relator, North Olmsted Fire Fighters Association, Local 1267, is the bargaining agent with respect to wages, hours and other terms and conditions of employment for full-time employees of the City's fire department excluding the fire chief.[1] Relator Smith is a member of the bargaining unit and is a captain in the City's fire department.

Smith began his employment with the City on August 10, 1965. On July 28, 1988, Smith made a written demand upon respondents to count his prior service with the Ohio national guard, five years and nine months, when computing his vacation time with the City. Smith enlisted in the Ohio national guard on March 3, 1957, in high school and began basic training in June, 1957, following graduation. Other than sixty-three days of basic training and ten months in France in 1961, Smith was active only one weekend per month and two weeks per year with the national guard. The remainder of the time Smith attended college and worked at various part-time and full-time jobs. Smith was discharged on December 1, 1962. The City denied Smith's demand for prior service vacation credit.

On December 18, 1989, after the parties agreed the matter was not covered by their collective bargaining agreement, relators applied for a writ of mandamus. The matter is before us now on the summary judgment motions of both parties. Relators contend in Motion No. 05459 all service in the Ohio national guard should be included in the computation of prior service when determining vacation leave pursuant to R.C. 9.44 and rely upon attorney general opinions so holding. *See* 1982 Ohio Atty. Gen. Ops. No. 82-073; 1981 Ohio Atty. Gen. Ops. No. 81-066; 1977 Ohio Atty. Gen. Ops. No. 77-009. Respondents argue in Motion No. 06535 relators' claim is barred by laches and barred by the six-year statute of limitations provided in R.C. 2305.07. Even if not barred, respondents contend that part-time service with the national guard is not equivalent to full-time service with the state for purposes of calculating vacation time pursuant to R.C. 9.44. Respondents maintain that (1) attorney general opinions are not binding upon courts; (2) it would be an injustice to full-time prior service employees to permit the same vacation credit for part-time employees; and (3) absurd consequences would result if full vacation credit were given to part-time employees since a part-time employee may hold two or three part-time jobs with the state and/or political subdivision and thus be entitled to double or triple vacation credits per year. Because we agree Smith is entitled to vacation credit, but only for his active service, and only commencing from December 18, 1983, summary judgment is granted in part and denied in part for both relators and respondents.

A writ of mandamus will be issued only when (1) relators have a clear legal right to the relief requested, (2) respondents have a clear legal duty to perform the requested action, and (3) relators have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Caspar, v. Dayton* (1990), 53 Ohio St. 3d 16, 18. No adequate remedy is available to relators since, according to the parties, their collective bargaining agreement does not encompass prior service vacation credit.

Respondents have a statutory duty to credit employees with prior state and/or political subdivision service when computing current employees' vacation leave. R.C. 9.44 provides in part that:

"(A) Except as otherwise provided in this section, a person employed, other than as an elective officer, by the state or any political subdivision of a the state, earning vacation credits currently, is entitled to have his prior service with any of these employers counted as service with the state or any political subdivision of the state, for the purpose of computing the amount of his vacation leave. The anniversary date of his employment for the purpose of computing the amount of his vacation leave, unless deferred pursuant to the appropriate law,

ordinance, or regulation, is the anniversary date of such prior service."

Thus, if relators' right to relief is clear and the amount of vacation credit is established with certainty, respondents' refusal to issue vacation credit is actionable in mandamus. *Caspar,* 53 Ohio St. 3d 16; *State, ex rel. Clark, v. Greater Cleveland Regional Transit Authority* (1990), 48 Ohio St. 3d 19, 548 N.E.2d 940; *State, ex rel. Adkins, v. Sobb* (1986), 26 Ohio St. 3d 46, 496 N.E.2d 994; *State, ex rel. Villari, v. Bedford Hts.* (1984), 11 Ohio St. 3d 222, 465 N.E.2d 64.

Relators have a clear right to partial relief in this case. Members of the Ohio national guard are in the militia of the state, R.C. 5923.01, and thus are in the unclassified civil service of the state, R.C. 124.11(A) (6). Relator Smith was hired by the City before July 5, 1987, and therefore is entitled to have his prior state service with the Ohio national guard counted when computing his vacation leave from the City. *See* R.C. 9.44(B); *Adkins,* 26 Ohio St. 3d at 48. R.C. 9.44 makes no distinction between full-time and part-time employees, but compensates with vacation leave for prior "service". The issue in this case arises over the definition of the word "service," *i.e.,* whether "service" includes an Ohio national guard member's entire period of enlistment or only active duty within that period of enlistment.

We believe the word "service" is unambiguous and means actual work performed. The Ohio attorney general has concluded otherwise and would award full-time vacation credit for part-time service, *i.e.,* one weekend per month and two weeks per year. 1982 Ohio Atty. Gen. Ops. No. 82-073; 1981 Ohio Atty. Gen. Ops. No. 81-066; 1977 Ohio Atty. Gen. Ops. No. 77-009. Ohio attorney general opinions, however, are not binding upon courts and are entitled to only such consideration as the reasons given for the opinions warrant. *State, ex rel. Endlich, v. Industrial Commission* (1984), 16 Ohio App. 3d 309, 312, 475 N.E.2d 1309. The attorney general made his conclusion based on the fact that a guardsman enlists for a period of "years" and is subject to call to active duty at any time. We find this reasoning unpersuasive.

Being available for active duty is not tantamount to "service." While enlisted, other than full-time, a guardsman can do nothing, attend school, or be employed in a civilian job. Public employees who are in the Ohio national guard are entitled to a leave of absence without loss of pay or other benefits when they are on field training or "active" duty. R.C. 5923.05. Even though a guardsman enlists for a tenure of "years," he is agreeing to only part-time duty unless needed full-time. We believe it would be unfair to stretch the word "service" to include time not worked and then to issue full-time vacation credit. Since vacation is a reprieve from work for rest and relaxation, vacation should be given only for work performed. Thus, we hold Smith is entitled to prior service vacation credit for the time periods he actually worked, that is, during basic training, one weekend per month, two weeks per year, and ten months in France.

Laches will not operate to bar relators' claim in this case. In order to successfully invoke the defense of laches, a party must demonstrate material prejudice from a relator's delay in asserting a claim. *State, ex rel. Caspar, v. Dayton* (1990), 53 Ohio St. 3d 16, 20. Material prejudice will not be inferred from the mere lapse of time, Id., but should be shown with evidentiary material, *see State, ex rel, Madden, v. Windham Exempted Village School District Board of Education* (1989), 42 Ohio St. 3d 86, 91, 537 N.E. 2d 646. Respondents have alleged budgetary prejudice, but have failed to present any evidence to support their allegation.

Nor will the six-year statute of limitations contained in R.C. 2305.07 operate to bar completely relators' claim. Respondents are under a mandatory duty to credit employees with prior service vacation credits. *State, ex rel. Clark, v. Greater Cleveland Regional Transit Authority* (1990), 48 Ohio St. 3d 19, 548 N.E.2d 940. The Supreme Court of Ohio, when deciding a R.C. 2305.07 limitations issue for a similar liability, *i.e.,* the failure of a school board to place a teacher on the correct salary schedule, found that each year's misplacement constituted a separate and distinct claim. *State, ex rel. Madden, v. Windham Exempted Village School District Board of Education* (1989), 42 Ohio St. 3d 86, 90, 537 N.E.2d 646. We similarly now hold the same for R.C. 9.44 prior service vacation credit claims. Because respondents are under a mandatory duty to provide prior service vacation credits, each year that passes where such credit is not given constitutes a new and distinct claim. Thus, pursuant to R.C. 2307.05, Smith should be given prior service vacation credit for the six years prior to the filing of his complaint on December 18, 1989.

Accordingly, summary judgment is granted in part and denied in part for both relators and

respondents consistent with this opinion. Each side is to bear its own costs and attorneys' fees.

PATTON, C.J., and McMANAMON, J., Concur.

---

[1] Respondents challenged the standing of the union to bring this action as an affirmative defense in their answer but have made no argument in support of this defense. We assume the defense has been waived and therefore make no determination of this issue.