**CLEVELAND POLICE PATROLMEN'S ASSOCIATION, Appellant,**

v.

**WHITE, Mayor.**

[Cite as *Cleveland Police Patrolmen's Assn. v. White* (1996), 109 Ohio App.3d 329.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68230.

Decided Feb. 12, 1996.

McCormack, Wolgamuth & Watling Company, L.P.A., Keith R. Wolgamuth and Thomas A. McCormack, for appellant.

Duvin, Cahn & Barnard, Frank W. Buck, Robert M. Wolff and Scott M. Loomis; Sharon Sobol Jordan, Director of Law, and Barbara Marburger, Chief Assistant Law Director, for appellee.

KARPINSKI, Judge.

Plaintiff, Cleveland Police Patrolmen's Association ("CPPA" or "the union"), appeals from the common pleas court's judgment, dismissing its complaint in mandamus for lack of jurisdiction. The common pleas court dismissed the case because the complaint, alleging that the city of Cleveland improperly hired nonpolice personnel to perform clerical police duties, raised issues that fall under the exclusive jurisdiction of the State Employment Relations Board ("SERB"). For the reasons that follow, we reverse the common pleas court's decision.

In an effort to reduce costs, the city of Cleveland in 1994 attempted to hire nonpolice personnel to perform clerical and other nonpatrol duties for the police

force. The city planned that persons previously assigned to these jobs would then be reassigned to regular patrol duties. The union opposed this plan. The two sides were unable to resolve the dispute through negotiation. In August 1994, the city unilaterally began to implement its plan.

On April 20, 1994, the union filed the first of three unfair labor practice charges with SERB concerning this matter. The first charge, No. 94–ULP–04–0230, was amended on August 31, 1994, and stated as follows:

"Since on or about April 5, 1994, the City of Cleveland, through its officers, agents, and representatives, has interfered with, restrained or coerced its employees in the exercise of their rights guaranteed in Chapter 4117 of the Revised Code, and has refused to bargain collectively with the representative of its employees, recognized as the exclusive representative pursuant to Chapter 4117 of the Revised Code by the following acts:

"1. Refusing to negotiate in good faith about a decision to assign bargaining unit work to non-bargaining unit employees;

"2. Refusing to negotiate in good faith about the terms of a plan to assign bargaining unit work to non-bargaining unit employees;

"3. Refusing to negotiate in good faith about the effect of such plan upon bargaining unit members; and

"4. Refusing to negotiate in good faith by unilaterally implementing such a plan despite a term in the collective bargaining agreement barring unilateral implementation of new proposals on any subject or matter."

On November 7, 1994, the union filed a second unfair labor practice charge, No. 94–ULP–11–0628, which stated as follows:

"Since on or about November 3, 1994, the City of Cleveland, through its officers, agents, and representatives, has interfered with, restrained or coerced its employees in the exercise of their rights guaranteed in Chapter 4117 of the Revised Code, and has refused to bargain collectively with the representative of its employees, recognized as the exclusive representative pursuant to Chapter 4117 of the Revised Code by refusing to negotiate in good faith by unilaterally implementing a plan to assign bargaining unit work to non-bargaining unit employees and hiring 26 non-bargaining unit employees to replace bargaining unit members prior to reaching impasse in, or completing, negotiations."

In response to a joint motion by the parties, SERB eventually dismissed these two charges on November 1, 1995, because the union and the city had settled the matters raised in the charges.[1]

---

1. At this point, the common pleas court had already dismissed the complaint in mandamus.

A third charge, No. 94–ULP–12–0677, was filed on December 6, 1994, which SERB dismissed on June 22, 1995. This charge stated as follows:

"Since on or about October 1, 1994, the City of Cleveland, through its officers, agents, and representatives, has interfered with, restrained or coerced its employees in the exercise of their rights guaranteed in Chapter 4117 of the Revised Code, and has refused to bargain collectively with the representative of its employees, recognized as the exclusive representative pursuant to Chapter 4117 of the Revised Code by hiring, assigning, and/or transferring nonbargaining unit employees to perform duties previously performed by bargaining unit employees in a manner which violates the Charter of the City of Cleveland and the Codified Ordinances of the City of Cleveland."

SERB dismissed this charge with the following explanation:

"The investigation reveals there is no probable cause to believe the Charged Party has violated Ohio Revised Code Section 4117.11. An alleged violation in this instance of City charter or codified ordinances is not within the State Employment Relations Board's jurisdiction. Accordingly, the charge is dismissed."

Neither the charge nor the opinion indicated the specific sections of the charter or ordinance.

On November 22, 1994, the union filed the complaint in mandamus which is the subject of the instant appeal. The complaint alleged that the city's actions violated Section 132 of the City Charter and Cleveland City Ordinances 171.52(a).

On December 2, 1994, the common pleas court dismissed the union's complaint, stating as follows:

"Based upon the foregoing analysis and law, this Court finds that the State Employment Relations Board has exclusive jurisdiction over alleged unfair labor practices. Plaintiff's claims under Section 132 of the City Charter and Section 171.52(a) of the City Ordinances arise from and are dependent on the rights created by the Public Employees' Collective Bargaining Act. The law does not permit plaintiff to frame its lawsuit as an action against the defendant for improperly fulfilling their [sic] duties under the City Charter and City Ordinances and, thereby, avoid the jurisdiction of SERB. The Collective Bargaining Agreement entered into between the City of Cleveland and plaintiff provides that the specified grievance procedure is the exclusive method of resolving labor disputes. Therefore, this Court is without jurisdiction to hear this matter and grants defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. The Temporary Restraining Order is hereby dissolved."

The union timely appealed, raising the following two assignments of error:

"I. The trial court erred in its determination that it was without jurisdiction to hear the claims of appellant.

"II. The trial court erred in its determinations that SERB has exclusive jurisdiction over the subject matter of the complaint, that the conduct underlying the complaint is arguably an unfair labor practice, and that the rights asserted are dependent on rights created by R.C. [Chapter] 4117."

In these two assignments, the union argues that, notwithstanding the broad jurisdiction granted to SERB for labor disputes, the claims raised in the complaint in mandamus relate solely to charter and municipal ordinance violations and do not allege the collective bargaining agreement was violated. The union's complaint alleges that the city violated Section 132 of the City Charter and Cleveland Codified Ordinances 171.52(a). Section 132 of the charter states as follows:

"No person shall be appointed or employed in the service of the City under any title not appropriate to the duties to be performed, and no person shall be transferred to or assigned to perform any duties of a position subject to competitive test unless he shall have been appointed to the position from which the transfer is made as a result of competitive test equivalent to that required for the position to be filled."

Cleveland Codified Ordinances 171.52(a) states as follows:

. "Notwithstanding any other rule, regulation or ordinance to the contrary, no officer or employee of the City shall, directly or indirectly promote, appoint, assign or transfer, either temporarily or permanently, any officer or employee under his jurisdiction or control, to serve and/or act in a higher capacity, position, classification, grade or rank, other than in his regular and legal classification, when there is in existence an appropriate civil service eligible list for such higher position, classification, grade or rank as the case may be, regardless of whether such employee receives the compensation commensurate with such higher capacity, position, classification, grade, or rank."

The city responds that the Ohio legislature has granted broad and exclusive jurisdiction to SERB regarding public sector employment disputes.

The Ohio Supreme Court has generally stated public policy on such disputes: "R.C. Chapter 4117 established a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 169, 572 N.E.2d 87, 90. More specifically, the Supreme Court has considered whether a court has jurisdiction over complaints also filed with SERB as an unfair labor practice charge. In *Franklin Cty.*

*Sheriff's Dept. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 173, 572 N.E.2d 93, syllabus, the court stated the following:

"Pursuant to R.C. 4117.10(A), a court of common pleas is without jurisdiction to render a declaratory judgment determining rights that are established or limited by R.C. 4117.11, where the State Employment Relations Board is asked to make the same determination in the context of an unfair labor practice charge."

The Supreme Court has further clarified that a claim that is "arguably" an unfair labor practice is not good enough:

"However, to hold that only SERB has jurisdiction to hear or determine anything that 'arguably' constitutes an unfair labor practice is neither a complete nor totally correct statement of the law set forth in R.C. Chapter 4117 or the decisions of this court. In our view, exclusive jurisdiction to resolve charges of unfair labor practices is vested in SERB in two general areas: (1) where one of the parties files charges with SERB alleging an unfair labor practice under R.C. 4117.11; or (2) a complaint brought before the court of common pleas alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11, and the trial court therefore dismisses the complaint for lack of subject-matter jurisdiction." *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.* (1994), 70 Ohio St.3d 125, 127–128, 637 N.E.2d 878, 880.

To refine the issue in the instant case, this court must ask further whether the issues presented here are properly, not just "arguably," questions for SERB. CPPA quite rightly notes that R.C. 4117 "was not meant to give SERB exclusive jurisdiction over claims that a party might have in a capacity other than as a public employee, employer, or union asserting collective bargaining rights. Thus, as a matter of jurisdiction, if a party asserts rights that are independent of R.C. Chapter 4117, then the party's complaint may properly be heard in common pleas court." *Franklin Cty. Law Enforcement Assn., supra,* 59 Ohio St.3d at 171, 572 N.E.2d at 91.

CPPA observes that nothing in the collective bargaining agreement covers the procedure of hiring pursuant to a civil service eligibility list. Because the agreement lacks such a specific provision, CPPA concludes the matter is controlled by R.C. 4117.10(A), which states as follows:

" * * * Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to wages, hours, and terms and conditions of employment for public employees."

To enforce such laws or ordinances, CPPA argues, a party may maintain an independent legal action. *State ex rel. Clark v. Greater Cleveland Regional Transit Auth.* (1990), 48 Ohio St.3d 19, 548 N.E.2d 940.

We agree with CPPA and reverse the common pleas court's dismissal of the complaint for the following reasons: (1) the complaint in mandamus asserts rights independent of the collective bargaining agreement; (2) the collective bargaining agreement does not specifically address civil service eligibility lists or hiring pursuant to competitive examinations; (3) the rights asserted by CPPA are rights wholly distinct from the failure to bargain allegations asserted in the union's first two unfair labor practice charges, which were settled by the city and the union; and (4) this dispute does not fall under the definition of grievance contained in the collective bargaining agreement.

The complaint filed by the union does not allege a violation of the collective bargaining agreement. Rather, the complaint raises violations of only Section 132 of the Charter and Codified Ordinances 171.52(a). Count one alleges, *inter alia*, that "[t]he appointments of the transferred and/or assigned individuals were not made as a result of a competitive test." Count two alleges, *inter alia*, "On or about November 22, 1994, despite the demand tendered as set forth in Paragraph 22 above, the defendant parties continued to promote, appoint, assign and/or transfer individuals to serve and/or act in a higher capacity, position, classification, grade or rank, other than in their regular and legal classification." Each of these counts alleges that the city violated its own charter and Codified Ordinances. Unlike the charges filed with SERB, there is no charge the collective bargaining agreement was broken.

██ The collective bargaining agreement does not specifically address the issues of transferring or assigning pursuant to competitive examinations or civil service eligibility lists. The city argues that the management rights clause of the collective bargaining agreement, which gives the city the right to "suspend, discipline, demote or discharge for just cause, layoff, transfer, assign, schedule, promote or retain employees," covers the issue in this dispute. The agreement, however, does not specifically address the issues of civil service eligibility lists and competitive examinations. Nowhere in the agreement are these subjects addressed. Ohio law is consistent that general provisions in a collective bargaining agreement will be supplemented by more specific local laws and ordinances. R.C. 4117.10; *State ex rel. Clark, supra; State ex rel. Caspar v. Dayton* (1990), 53 Ohio St.3d 16, 558 N.E.2d 49. This is precisely the situation of the case at bar; the general provision of the management rights clause does not preempt or conflict with the procedure outlined in the application of the more specific local laws requiring civil service lists and competitive examinations.

██ The rights asserted by the union in the complaint at bar are wholly distinct from the unfair labor practice charges filed by the union with SERB. The first two unfair labor practice charges allege *inter alia* that the city failed to bargain collectively over the implementation of its plan to reclassify certain

patrolmen positions. Neither of these two charges alleged any violation of Cleveland's charter or ordinances. The third unfair labor practice charge did allege, however, violations of the charter and ordinances. This complaint was properly dismissed by SERB because it has no jurisdiction over an alleged violation of municipal laws that were not drawn into the collective bargaining agreement.

Finally, this dispute between the union and the city is not a grievance under the collective bargaining agreement, which provides the following definition:

"The term 'grievance' shall mean any dispute arising out of or connected with the subject matter of this Contract or the interpretation, application or enforcement of any of its terms."

The dispute raised by the mandamus action does not "arise out of" nor is it "connected with" the collective bargaining agreement. The dispute arises out of and is connected with local charter and ordinances. Accordingly, this dispute does not fall under the applicable grievance procedure.

Section 132 of the City Charter discusses the necessity of competitive tests for employees transferred to positions subject to such tests or assigned to perform duties of such positions. Codified Ordinances 171.52(a) further discusses transferring or assigning employees to positions covered by civil service eligibility tests. There are rules, moreover, of the Cleveland Civil Service Commission that further spell out the procedure for reclassifying positions. See Rule 2.20.[2] Because none of these procedures is discussed in the collective bargaining agreement, and nothing in the agreement conflicts with these rules, the common pleas court does not lack jurisdiction to review a claim alleging these rules were violated.

The decision of the common pleas court relied principally upon three cases: *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264; *Mayfield Hts. Fire Fighters v. DeJohn* (1993), 87 Ohio App.3d 358, 622 N.E.2d 380; and *Franklin Cty. Law Enforcement Assn., supra.* All three cases are significantly different from the case at bar. In *Lorain City Bd. of Edn., supra,* the court held that the reassignment of work previously performed by bargaining unit nurses to nonbargaining unit health aids is a mandatory subject for collective bargaining and therefore under SERB's jurisdiction. In *Lorain* the city refused to bargain over this reassignment, a dispute comparable to that alleged in the first two charges CPPA filed with SERB. In the case at bar, however, the issue is whether those who have been reassigned are *eligible* under the charter, ordinances, and civil service rules. In *Franklin Cty. Law*

---

2. At oral argument counsel could not agree whether the positions had been reclassified.

*Enforcement Assn., supra,* the Supreme Court held that a party asserting rights independent of R.C. Chapter 4117 can maintain an action in common pleas court. However, the question in that case was who was the public employer. This issue arises under R.C. Chapter 4117 and, therefore, must be decided by SERB. In every respect, the union's other claims arose from R.C. Chapter 4117 because it challenged the adequacy of the Fraternal Order of Police in representing its members' collective bargaining rights. In the Mayfield Heights case, the collective bargaining agreement specified that all promotions were to be made by competitive exam in a manner provided for by the civil service commission. In the case at bar, no such provision occurs. Here, the dispute is wholly separate and distinct from the contract.

Thus there is no issue in the case at bar that falls within SERB's jurisdiction. Whether the city unilaterally transferred positions outside the bargaining unit and failed to bargain is a SERB question. But whether civil service rules were followed in hiring and whether the disputed positions were reclassified consistent with civil service procedures is not a SERB question. Accordingly, the trial court erred by dismissing this case for lack of jurisdiction.

*Judgment reversed.*

PORTER, P.J., and O'DONNELL, J., concur.