184

THE STATE, EX REL. GROSSER ET AL., APPELLANTS, *v.* BOY
ET AL., APPELLEES.

[Cite as State, as rel. Grosser, v. Boy (1976),
46 Ohio St. 2d 184.]

(No. 75-1019—Decided May 12, 1976.)

Messrs. *Cain & Lobo* and *Mr. Arthur L. Cain,* for appellants.

Messrs. *Squire, Sanders & Dempsey* and *Mr. Eben G. Crawford,* for appellees.

*Per Curiam.* R. C. 2731.11 provides, in part, as follows:
"If judgment in a proceeding for a writ of mandamus is rendered for the plaintiff, the relator may recover the

damages which he has sustained, to be ascertained by the court or a jury. * * * as in a civil action, and costs. * * * "

Appellants recognize the general rule in Ohio that "in the absence of a statutory provision making attorney fees a part of costs, such fees cannot be so taxed" (*State, ex rel. Michaels,* v. *Morse* [1956], 165 Ohio St. 599, 607), and it is evident that R. C. 2731.11 does not expressly provide for the recovery of attorney fees. See *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177.

Nevertheless, appellants argue that the "public benefit" conferred by their successful mandamus action, and the term "damages" in R. C. 2731.11, support the necessity of the award of attorney fees herein. However, this cause neither meets the situation set forth in *State, ex rel. White,* v. *Cleveland* (1973), 34 Ohio St. 2d 37, wherein the bestowal of a public benefit concomitant with a statutory authorization for attorney fees was held sufficient to demand consideration of allowance of those fees, nor is the "bad faith, vexatious, wanton, obdurate or oppressive conduct exception" to the "American rule" that attorney fees are not recoverable in the absence of statutory authorization demonstrated to be applicable to this cause. *Sorin* v. *Bd. of Edn.,* *supra.*

With respect to the recovery of appellants'. costs expended in the Court of Appeals, as distinguished from the claim for the recovery of attorney fees, no reason was stated by that court for overruling the motion for costs. As the prevailing party, and in the absence of persuasive reasons to the contrary, appellants should be awarded their costs.

Accordingly, the judgment of the Court of Appeals is modified, and appellants are awarded their costs in the Court of Appeals. The judgment of the Court of Appeals as to denial of an award for attorney fees is affirmed.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.