THE STATE, EX REL. MURPHY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Murphy, v. Indus. Comm. (1980), 61 Ohio St. 2d 312.]

(No. 79-1197—Decided March 19, 1980.)

*Messrs. Mancino, Mancino, & Mancino* and *Mr. Paul Mancino, Jr.,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for appellee Industrial Commission.

*Messrs. Squire, Sanders & Dempsey,* and *Mr. Robert W. Bishop,* for appellee Cleveland Electric Illuminating.

*Per Curiam.*   It is well established that the general rule in Ohio is that attorney fees are not recoverable as part of the costs of litigation in the absence of statutory authorization. See *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177. Appellant alleges that he is authorized to recover attorney's fees by R. C. 4123.519 and 2731.11. Neither statute is applicable, however. R. C. 4123.519 authorizes the recovery of attorney's fees in an *appeal* from the *decision* of the Industrial Commission. R. C. 2731.11 authorizes a court to award damages in a mandamus action. Appellant's attorney's fees are not recoverable as damages. See *State, ex rel. Grosser,* v. *Boy* (1976), 46 Ohio St. 2d 184.

Appellant alleges further that he is entitled to recover his attorney's fees for the mandamus action because it was necessitated by the commission's "bad faith, vexatious, wanton, obdurate or oppressive" actions. We hold, however, that appellant has not borne his burden of proof to establish any improper action by the commission. Thus, we do not decide whether such actions, if proven, would entitle one to recover attorney's fees.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.