THE STATE, EX REL. KABATEK, APPELLANT, *v.* STACKHOUSE, CUYAHOGA CTY. ENGINEER, ET AL., APPELLEES.

[Cite as State, ex rel. Kabatek, *v.* Stackhouse (1983), 6 Ohio St. 3d 55.]

(No. 82-981—Decided July 20, 1983.)

*Mr. Robert D. Holmes,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. David A. Williamson,* for appellees.

*Per Curiam.* Appellant contests the denial of his request for an award of attorney fees.

"The general rule in Ohio is that, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of at-

torney fees unless the party against whom the fees are taxed was found to have acted in bad faith. See *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177 [75 O.O.2d 224]; *State, ex rel. Grosser,* v. *Boy* (1976), 46 Ohio St. 2d 184 [75 O.O.2d 228]." *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363, 369 [21 O.O.2d 228].

Appellant argues that appellees acted in bad faith by engaging in dilatory conduct designed to prolong litigation and delay the award of back pay to appellant. Specifically, appellant contends that appellees' motion to dismiss, the granting of which was the subject of the first appeal to this court, was without merit and filed only for the purpose of delay.

We cannot agree that this demonstrates bad faith on the part of appellees. As we stated in *State, ex rel. Crockett, supra,* at 369-370, the fact that appellees interposed a defense which was ultimately overruled does not, in and of itself, demonstrate bad faith. The court of appeals was persuaded by the motion and granted it. Though we reversed the dismissal, we agree that a colorable issue was presented for consideration on the merits as to whether appellant's intervening retirement would affect his entitlement to back pay.

Accordingly, we affirm the judgment of the court of appeals denying appellant an award of attorney fees.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.