THE STATE, EX REL. CINCINNATI POST, APPELLANT, *v.* SCHWEIKERT, COURT ADMR., APPELLEE.

[Cite as State, ex rel. Cincinnati Post, *v.* Schweikert (1988), 39 Ohio St. 3d 603.]

(No. 87-562—Submitted August 25, 1988—Decided October 26, 1988.)

*Baker & Hostetler, Bruce W. Sanford, David L. Marburger, Wood & Lamping* and *William R. Ellis,* for appellant.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Roger E. Friedmann,* for appellee.

MOYER, C.J., LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent from the decision of the majority not to grant appellant's motion for rehearing on the important question of whether appellant should be granted an award of reasonable attorney fees for successfully prosecuting an action pursuant to R.C. 149.43, Ohio's Public Records Act.

My dissent herein is on the basis of my comments set forth in my concurrence in part and dissent in part in *State, ex rel. Fox,* v. *Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St. 3d 108, 529 N.E. 2d 443. What average citizen would be willing or able to seek compliance with the law if there is no prospect of an award of attorney fees even where the prosecution of the action is successful? Here, appellant

alleges that it expended $13,568 in fees and this was *just* to finance its appeal to this court. Appellant is a large newspaper in this state. Who among us, including other news media organizations which are much smaller in size, will take the risk of being classed as eleemosynary institutions and thereby not entitled to reasonable expenses? This truly, with the recent decisions of the majority, is becoming a law with no teeth. Our decisions become "a tale, told by an idiot, full of sound and fury, signifying nothing." Shakespeare, Macbeth, Act V, Scene 5. We make a loud noise but there is no repercussion. Who will believe we are really serious?

SWEENEY, J., concurs in the foregoing dissenting opinion.