THE STATE, EX REL. CASPAR ET AL., APPELLANTS AND CROSS-APPELLEES, *v.*
CITY OF DAYTON, APPELLEE AND CROSS-APPELLANT.

[Cite as State, ex rel. Caspar, *v.* Dayton (1990), 53 Ohio St. 3d 16.]

(No. 89-807—Submitted February 13, 1990—Decided August 1, 1990.)

*James A. Hensley, Jr.,* for appellants and cross-appellees.

*J. Anthony Sawyer,* city attorney, and *Maureen Pero,* for appellee and cross-appellant.

*Per Curiam.* Conceding the statute of limitations bar, appellants challenge the court of appeals' decision because it did not grant relief for the entire six-year period prior to their complaint, and because it did not allow them attorney fees. Dayton urges affirmation of the court of appeals' application of R.C. 4117.10(A). However, pursuant to its cross-appeal, Dayton also attacks the court's decision with respect to the availability of an adequate remedy and laches.

In order for a writ of mandamus to issue, we must find that Dayton is under a clear legal duty to perform the act requested by appellants, and correspondingly, that appellants have a clear legal right to this relief. *State, ex rel. Bardo,* v. *Lyndhurst* (1988), 37 Ohio St. 3d 106, 107, 524 N.E. 2d 447, 449. We must also find that appellants have no plain and adequate remedy in the ordinary course of law. *Id.;* R.C. 2731.05.

Appellants argue that Dayton has a clear legal duty to provide them supplemental vacation days in accordance with their prior public service under R.C. 9.44, and that R.C. 4117.10(A)[4] does not affect this duty in the circumstances at bar. When appellants brought this action, R.C. 9.44 provided, in part:

"(A) Except as otherwise provided in this section, a person employed, other than as an elective officer, by the state or any political subdivision of the state, earning vacation credits currently, is entitled to have his prior service with any of these employers counted as service with the state or any political subdivision of the state, for the purpose of computing the amount of his vacation leave. The anniversary date of his employment for the purpose of computing the amount of his vacation leave, unless deferred pursuant to the appropriate law, ordinance, or regulation, is the anniversary date of such prior service." See Am. Sub. H.B. No. 178 (142 Ohio Laws, Part II, 2564, 2565).[5]

Recently, in *State, ex rel. Clark,* v. *Greater Cleveland Regional Transit Auth.* (1990), 48 Ohio St. 3d 19, 548 N.E. 2d 940, syllabus, we held that this language in a former version of R.C. 9.44 imposed "a mandatory duty on any political subdivision of the state of Ohio to credit employees with prior service vacation credit, absent a collective bargaining agreement entered into pursuant to R.C. Chapter 4117 which *specifically excludes* rights accrued under R.C. 9.44." (Emphasis added.) The vacation provisions in the *Clark* collective bargaining contracts

---

[4] R.C. 4117.10(A) provides, in part:

"An agreement between a public employer and an exclusive representative entered into pursuant to Chapter 4117. of the Revised Code governs the wages, hours, and terms and conditions of public employment covered by the agreement. * * * Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees. * * * Chapter 4117. of the Revised Code prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in Chapter 4117. of the Revised Code or as otherwise specified by the general assembly. * * *"

[5] As appellants were all hired by Dayton before July 5, 1987, the limitations on prior service credit set forth in the remaining portions of this statute are not applicable here.

did not specifically exclude R.C. 9.44 rights, and thus, were insufficient to supplant those rights by operation of R.C. 4117.10(A). Accordingly, we affirmed a decision to grant a writ of mandamus requiring the public employer to provide prior service vacation credit pursuant to R.C. 9.44.

Similarly, the collective bargaining agreements at issue in this case each grant supplementary vacation days to police officers with four or more years of service with the city of Dayton. However, as in *Clark,* none of the agreements "specifically excludes" the rights accrued under R.C. 9.44. Thus, contrary to the court of appeals' decision, we hold that Dayton is under a duty to account for appellants' prior service in computing the amount of their supplemental vacation leave even after May 28, 1984, and further, that appellants are entitled to the performance of this duty.

We turn now to Dayton's argument that appellants had an adequate alternative to mandamus either under the instant bargaining contracts' grievance procedures, including the provisions for binding arbitration, or under a written complaint policy applicable to supervisory or "mid-management" officers. The court of appeals found the grievance and arbitration provisions inadequate because they did not allow modification of the contracts' terms, and thus, could not completely address the nature of appellants' claims. Relying on *State, ex rel. Runyan,* v. *Henry* (1986), 34 Ohio App. 3d 23, 27-28, 516 N.E. 2d 1261, 1265, the court further found the complaint policy inadequate because it ended with the complaint's referral to the Dayton city manager, without providing for binding arbitration.

Because it is consistent with our decision in *Clark,* we agree with the court of appeals' decision insofar as the inadequacy of the remedy provided by the pertinent contracts' grievance procedures. In *Clark, supra,* at 23-24, 548 N.E. 2d at 943-944, we said, in effect, that if a collective bargaining agreement contains no provision regarding prior service vacation credit, the agreement does not encompass that matter, and its provisions for arbitrating disputes about the agreement's breach are of no use in enforcing the public employer's duty under R.C. 9.44. The instant grievance and arbitration provisions are like those considered in *Clark* in that they also apply only to claims concerning an agreement's breach.[6] Thus, here, as in *Clark,* the remedy these provisions afford is inadequate because it cannot provide appellants the relief sought in their complaint.

We find the complaint procedure for supervisory officers inadequate for a similar reason. This procedure, set forth in Dayton's Personnel Policies and Procedures Manual,[7] defines a complaint narrowly such that the procedure applies only to disputes about how the city is applying a policy or procedure already in existence. In contrast, appellants' claim to their rights under R.C. 9.44 contemplates a new or changed supplementary vacation accrual policy. Thus, while the court of appeals justified its holding on other

---

[6] Specifically, arbitration is permitted under the contracts at issue only for grievances involving the contract's meaning or application, or an allegation that the city was in violation of a particular contract.

[7] Although the record is not entirely clear on this point, this complaint procedure or some facsimile seems to have been effective from 1982 through 1984, a period when Dayton police officers in supervisory positions were not covered by a collective bargaining agreement.

grounds, we find that, like the grievance and arbitration provisions in the relevant collective bargaining contracts, this complaint procedure also does not encompass the relief appellants seek.

With respect to laches, Dayton essentially argues that if appellants are entitled to supplementary vacation credit for their prior public service under R.C. 9.44, they have been so since 1970, when the statute was enacted, and they should have attempted to enforce their rights during the collective bargaining negotiations that have since taken place. To successfully invoke the defense of laches, however, a party must show that " '* * * the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting the claim.' * * *" *State, ex rel. Madden,* v. *Windham Exempted Village School Dist. Bd. of Edn.* (1989), 42 Ohio St. 3d 86, 90, 537 N.E. 2d 646, 649-650, quoting *Smith* v. *Smith* (1959), 168 Ohio St. 447, 7 O.O. 2d 276, 156 N.E. 2d 113, paragraph three of the syllabus. Moreover, material prejudice will not be inferred from a mere lapse of time. *Madden, supra,* at 91, 537 N.E. 2d at 650.

Applying these principles, the court of appeals found that Dayton alleged no facts, other than the mere passage of time, to invoke the doctrine of laches, and the court therefore declined to apply the doctrine. We see nothing in the record that requires reversal of this finding. Accordingly, we hold that the court properly rejected laches as a defense to appellants' cause of action.

The last question before us is whether appellants are entitled to attorney fees. The court of appeals made no finding in this regard, perhaps because appellants never applied for attorney fees beyond the initial request made in their complaint. See, *e.g., State, ex rel. White,* v. *Cleveland* (1973), 34 Ohio St. 2d 37, 63 O.O. 2d 79, 295 N.E. 2d 665, and *Billington* v. *Cotner* (1974), 37 Ohio St. 2d 17, 66 O.O. 2d 9, 305 N.E. 2d 805, in which relators submitted applications for attorney fees after their requests for a writ of mandamus were granted. In any event, appellants rely on *White* and *Billington* in an apparent attempt to argue that because they pay taxes, the instant matter is a taxpayer action, and that the court of appeals abused its discretion by not granting attorney fees.

This cause, however, is not a "taxpayer action" as we described it in *White. White* establishes that to maintain such an action under R.C. 733.59, the taxpayer's aim must be to enforce a public right, regardless of any personal or private motive or advantage. Appellants' action to compel fringe benefits for their own benefit does not represent such an aim. Nor is appellants' right to vacation pay a "public" right. Thus, appellants are not eligible for the attorney fees that R.C. 733.61 makes available at the court's discretion in suits brought pursuant to R.C. 733.59.

Appellants also urge us to ignore the "American Rule" regarding recovery of attorney fees by the prevailing party in a civil action. However, we have consistently applied this rule, which generally requires statutory authorization for awarding attorney fees, *State, ex rel. Kabatek,* v. *Stackhouse* (1983), 6 Ohio St. 3d 55, 6 OBR 73, 451 N.E. 2d 248, in the context of mandamus actions. See, *e.g., Kabatek, supra; State, ex rel. Grosser,* v. *Boy* (1976), 46 Ohio St. 2d 184, 75 O.O. 2d 228, 347 N.E. 2d 539. We therefore apply it in this case. Furthermore, as Dayton's defense to appellants' complaint was partially suc-

cessful below, we find, as we did in *Kabatek* and *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363, 21 O.O. 3d 228, 423 N.E. 2d 1099, that appellants are not entitled to attorney fees under the "bad faith" exception to the American Rule.

Based on the foregoing, we hold that R.C. 9.44 requires Dayton to recognize appellants' prior public service for the purpose of computing the amount of their supplemental vacation leave. Neither the availability of an adequate remedy nor the doctrine of laches precludes the issuance of a writ of mandamus. However, appellants have given us no reason for finding that the court of appeals abused its discretion by not granting attorney fees. Accordingly, the court of appeals' decision denying relief after May 28, 1984 is reversed, but is affirmed in all other respects.

*Judgment affirmed in part and reversed in part.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I would affirm the judgment of the court of appeals.