FRATERNAL ORDER OF POLICE, CAPITAL
CITY LODGE NO. 9, et al., Appellants,

v.

CITY OF COLUMBUS et al., Appellees.

[Cite as *Fraternal Order of Police, Capital City Lodge
No. 9 v. Columbus* (1990), 70 Ohio App.3d 436.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1366.

Decided Nov. 27, 1990.

*Dennis J. Fennessey,* for appellants.

*Bricker & Eckler* and *Donald R. Keller,* for appellees.

---

KERN, Judge.

The complaint in this case was filed on November 10, 1982. The plaintiffs were the Fraternal Order of Police, Capital City Lodge No. 9 ("FOP") and fourteen members of the FOP. Briefly stated, plaintiffs sought a determination that the city was obligated to calculate their vacation and sick leave benefits based not only on service with the city but, also, on their previous service with other units of Ohio government. The suit was originally brought as a class action against the city of Columbus, Ohio, and the Columbus Civil Service Commission ("city"). However, the court determined that the suit was not properly brought as a class action and fifty-six other defendants were added at a later time. By an agreed entry, the trial court ordered the case bifurcated as to the issues of liability and damages. In September 1987, the defendants were permitted to file an amended answer asserting additional affirmative defenses.

In February 1989, the city and the FOP entered into a settlement agreement. The individual plaintiffs were given the option of continuing the lawsuit or of accepting the settlement agreement. A number of individual plaintiffs chose to continue the litigation, but the FOP filed a notice of voluntary dismissal as a party plaintiff, as did a majority of the individual plaintiffs. Seven other police officers who had not been plaintiffs in the litigation, although represented by the FOP during negotiations, filed for leave to intervene in the case as party-plaintiffs. The trial court overruled their motion to intervene and later ruled that the plaintiffs were not entitled to the relief sought. The trial court found that R.C. 9.44, prior to its amendment of June 24, 1987, gave local governments the authority to limit or otherwise modify the accrual of vacation leave. The trial court also found that prospective application of the city's Police Salary Ordinance 2154–81 did not deprive the plaintiffs of any protective property interest. The trial court also found that " * * * local government and municipalities may limit the employees' right to transfer sick leave credit," relying upon *Civil Serv. Personnel Assn., Inc. v. Akron* (1984), 20 Ohio App.3d 282, 284, 20 OBR 374, 375, 485 N.E.2d 775, 777.

There are three assignments of error:

"1. The trial court erred as a matter of law when it declared plaintiffs' right had not vested, and de facto, that a municipal ordinance has retroactive application to deny benefits conferred by section 9.44 Revised Code.

"2. The trial court erred in determining appellants were not vested, and therefore not entitled, to carry over sick leave credit, contrary to R.C. 124.38, by reason of enactment of the municipal salary ordinance after their date of hire.

"3. The trial court erred to the prejudice of the applicants for intervention, abused its discretion by denial of the motion without just basis."

We shall consider assignment of error number one first. On August 1, 1990, the Supreme Court of Ohio decided *State, ex rel. Caspar, v. Dayton* (1990), 53 Ohio St.3d 16, 558 N.E.2d 49. In that case, police officers employed by the city of Dayton ("Dayton"), who had prior public service with Dayton, the state or another of the political subdivisions, sought a writ of mandamus directing Dayton to count their prior service for the purpose of computing the amount of their supplemental vacation leave. The officers averred that Dayton was required to recognize their prior public service pursuant to R.C. 9.44, and that the enactment of R.C. 4117.10(A) did not affect the duty of Dayton in the circumstances of their case. R.C. 4117.10(A) provides in part:

"An agreement between a public employer and an exclusive representative entered into pursuant to Chapter 4117. of the Revised Code governs the wages, hours, and terms and conditions of public employment covered by the agreement. * * * Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees. * * * Chapter 4117. of the Revised Code prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in Chapter 4117. of the Revised Code or as otherwise specified by the general assembly. * * * "

In footnote five of *Caspar, supra,* 53 Ohio St.3d at 18, 558 N.E.2d at 52, the Supreme Court observed:

"As appellants were all hired by Dayton before July 5, 1987, the limitations on prior service credit set forth in the remaining portions of this statute are not applicable here."

The court further stated:

"Recently, in *State, ex rel. Clark, v. Greater Cleveland Regional Transit Auth.* (1990), 48 Ohio St.3d 19, 548 N.E.2d 940, syllabus, we held that this language in a former version of R.C. 9.44 imposed 'a mandatory duty on any political subdivision of the state of Ohio to credit employees with prior service vacation credit, absent a collective bargaining agreement entered into pursuant to R.C. Chapter 4117 which *specifically excludes* rights accrued under

R.C. 9.44.' (Emphasis added.) The vacation provisions in the *Clark* collective bargaining contracts did not specifically exclude R.C. 9.44 rights, and thus, were insufficient to supplant those rights by operation of R.C. 4117.10(A). Accordingly, we affirmed a decision to grant a writ of mandamus requiring the public employer to provide prior service vacation credit pursuant to R.C. 9.44.

"Similarly, the collective bargaining agreements at issue in this case each grant supplementary vacation days to police officers with four or more years of service with the city of Dayton. However, as in *Clark,* none of the agreements 'specifically excludes' the rights accrued under R.C. 9.44. Thus, * * * we hold that Dayton is under a duty to account for appellants' prior service in computing the amount of their supplemental vacation leave even after May 28, 1984, and further, that appellants are entitled to the performance of this duty." *Caspar, supra,* 53 Ohio St.3d at 18–19, 558 N.E.2d at 52.

Appellee does not claim that any collective bargaining agreement was executed, prior to February 1989, which specifically excluded rights accrued under R.C. 9.44. Therefore, the first assignment of error is sustained.

As to the second assignment of error, it is ruled moot, the parties having agreed at the oral hearing before this court that, pursuant to agreement, all employees with the appropriate prior public service will be able to transfer their prior sick leave if they make timely application.

■ As to assignment of error number three, it is averred that the trial court abused its discretion in denying the right of intervention to proposed additional plaintiffs. That assignment of error is overruled. The intervention motion filed on February 23, 1989, states that "[p]ursuant to Rule 24(A)(1), the following named individuals move the Court to intervene as party plaintiffs to the instant proceeding."

The proposed plaintiffs claim a right to intervene pursuant to the terms of the agreement between the FOP and the city. The proposed intervenors failed to point out to the trial court, or to this court, where that agreement states that any claimants who were not already parties to this case could become plaintiffs by agreement between the FOP and the city. The agreement, which is part of the record, does give the right of the *then* plaintiffs to continue the lawsuit if they wished. Plaintiffs have failed to demonstrate how the trial court abused its discretion in finding that the proposed intervenors' application was not timely when (1) the application was filed seven years after commencement of the lawsuit, (2) the application failed to comply with Civ.R. 24, and (3) the FOP negotiated a complete settlement except for those plaintiffs who did not wish to accept it.

The first assignment of error having been sustained, the second assignment of error having been found to be moot, and the third assignment of error having been overruled, this case is remanded to the trial court for further proceedings consistent with this opinion and with the Supreme Court's holdings in *Caspar* and *Clark, supra.*

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

McCORMAC and PEGGY BRYANT, JJ., concur.

LILLIAN M. KERN, J., retired, of the Montgomery County Common Pleas Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.