### STATE ex rel. GERCHAK

v.

### TABLACK; Board of Public Employees Retirement Systems of Ohio, Third-Party Defendant.

[Cite as *State ex rel. Gerchak v. Tablack* (1997), 117 Ohio App.3d 222.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 C.A. 79.

Decided Jan. 16, 1997.

*Eugene B. Fox* and *Avetis G. Darvanan,* for relator.

*A. Robert Steiskal,* for respondent.

---

*Per Curiam.*

This court approves and adopts the report of commissioner filed herewith and attached as an appendix. It is the order of this court that the relator's motion for payment of attorney fees and costs is denied.

*Motion denied.*

O'NEILL, GENE DONOFRIO and COX, JJ., concur.

JOSEPH E. O'NEILL, Presiding Judge, concurring.

As a matter of precedential law, I have no quarrel with the majority opinion in this case. However, I cannot attach reason to the American rule. The basic purpose of a writ of mandamus is to compel a public officer to perform the duties imposed on him by law. *State ex rel. Scott v. Masterson* (1962), 173 Ohio St. 402, 20 O.O.2d 36, 183 N.E.2d 376. It challenges reason that an individual is not entitled to attorney fees where a public officer refuses to perform duties imposed by law. Most certainly, in such an instance, there must and should be redress for the individual. The Ohio Supreme Court has not wavered in refusing to grant attorney fees in some mandamus proceedings. *State ex rel. Fox v. Cuyahoga Cty. Hosp. Sys.* (1988), 39 Ohio St.3d 108, 529 N.E.2d 443; *State ex rel. Cincinnati Post v. Schweikert* (1988), 39 Ohio St.3d 603, 529 N.E.2d 1271; *State ex rel. Fostoria Daily Review Co. v. Fostoria Hosp. Assn.* (1988), 40 Ohio St.3d 10, 531 N.E.2d 313.

In light of precedential law, I must sign the opinion and judgment entry of the majority, but it is done with reluctance.

DONOFRIO, J., concurs in the foregoing opinion.

## APPENDIX

### Report of Commissioner Richard L. Burgess

On December 13, 1996, this motion for payment of attorney fees incurred in a mandamus action was heard by the duly appointed commissioner of the Seventh District Court of Appeals, attorney Richard L. Burgess.

Present at this hearing were attorneys Eugene B. Fox and Avetis G. Darvanan for the relator, attorney A. Robert Steiskal for the respondent, and attorneys Gary Van Brocklin and Charles Dunlap, expert witnesses for the relator.

On May 7, 1996, relator filed a petition for a writ of mandamus in this court to compel the respondent, the Mahoning County auditor, to certify to the Public Employees Retirement System of Ohio ("PERS") relator's earnings from February 11, 1968 to December 31, 1980. Relator was attempting to have this period of time, during which he had performed services for the Mahoning County Probate Court, credited to PERS as additional time for retirement benefits. On May 8, 1996, an alternative writ issued ordering respondent to act on the claim or show cause why he has not done so. On June 4, 1996, an answer and a third-party complaint were filed by respondent, denying that relator was a member of PERS during the time in question and adding the Board of Public Employees Retirement System as a party-defendant. The PERS filed its answer on June 21, 1996.

After various motions and filings, on July 3, 1996, an agreed journal entry was filed, signed by the attorneys for relator, respondent, and this court, disposing of all issues, dismissing the third-party defendant, Board of PERS, dismissing George Tablack individually and personally, and ordering George Tablack in his capacity as auditor of Mahoning County to certify to the PERS the gross earnings of relator over the period in question. This court reserved jurisdiction to determine the assessment of costs and attorney fees.

On November 20, 1996, the relator filed his motion for payment of attorney fees.

At the hearing of December 13, 1996, both attorneys for relator qualified their witnesses as experts (attorney Van Brocklin for attorney Fox and attorney Dunlap for attorney Darvanan). Both witnesses were accepted as experts by respondent without challenge. Both witnesses then testified as to the reasonableness of the services provided by each attorney and also to the reasonableness of the rate of $125 per hour. The rate of $125 per hour was not challenged by respondent nor was the reasonableness of the services provided.

The sole issue before the commissioner then is whether attorney fees can be granted in this type of mandamus action, regardless of the reasonableness of the services provided or the rate charged.

Fox testified that this mandamus action actually saved the county in excess of $100,000 by forcing the issue before the Board of Public Employees Retirement System. Fox also noted that the petition for a writ of mandamus was ultimately granted by the court and that relator did in fact prevail. Fox further argued that respondent's conduct in not certifying relator's earnings to the PERS was "frivolous, stonewalling behavior."

Darvanan then testified that it is his belief that auditor Tablack "had no discretion" on whether or not to certify the requested earnings of relator to the PERS and that his refusal to do so was clearly outside respondent's authority.

Darvanan also noted that relator prevailed in this mandamus action and the fact that relator has not prevailed in Columbus at the Board of PERS is not material in our case.

Steiskal's main argument is that attorney fees are not normally recoverable for a mandamus action regardless of which party prevails. Steiskal also noted that the respondent's decision not to certify the earnings of relator was based upon his belief that to do so would be to attest that he in fact believed that relator was entitled to have these years added to his PERS credited years.

At the close of testimony, the commissioner gave both parties one week to submit any additional authority relative to any awards of attorney fees for this type of mandamus action. Neither party has timely filed any additional citation of authority.

The requirement for a mandamus action need not be addressed at this time since all parties have agreed to the demands requested in the petition for the writ of mandamus by the signing of the agreed journal entry on July 3, 1996, and that issue is not now before this court.

■ The general rule in Ohio, known as the American rule, is that attorney fees are not recoverable as part of the cost of litigation in the absence of statutory authority. *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527, citing *Shuey v. Preston* (1961), 172 Ohio St. 413, 17 O.O.2d 258, 177 N.E.2d 789; *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 60 O.O. 531, 138 N.E.2d 660. This rule was followed in the case of *State ex rel. Caspar v. Dayton* (1990), 53 Ohio St.3d 16, 20, 558 N.E.2d 49, 53, where the Supreme Court stated:

"However, we have consistently applied this rule, which generally requires statutory authorization for awarding attorney fees * * *."

The rationale behind the rule is that "[t]he subject of costs is one entirely of statutory allowance and control." *State ex rel. Michaels, supra,* 165 Ohio St. at 607, 60 O.O. at 535, 138 N.E.2d at 666.

■ Attorney fees may be awarded, as an exception to the American rule, as a part of the relief granted a petitioner in actions where the losing party has acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons. *Sorin, supra.* Recent cases have upheld the bad faith exception to the American rule on attorney fees. *E.g., State ex rel. Rose v. James* (1991), 57 Ohio St.3d 14, 565 N.E.2d 547, and *State ex rel. Moyer v. Montgomery Cty. Bd. of Commrs.* (1995), 102 Ohio App.3d 257, 656 N.E.2d 1366.

■ Where a statute allows "damages" in a mandamus action, appellant's attorney fees are not recoverable as damages. *State ex rel. Grosser v. Boy*

(1976), 46 Ohio St.2d 184, 75 O.O.2d 228, 347 N.E.2d 539; *State ex rel. Murphy v. Indus. Comm.* (1980), 61 Ohio St.2d 312, 15 O.O.3d 386, 401 N.E.2d 923.

Also, bad faith is not shown by the fact that an interposed defense was ultimately overruled. *State ex rel. Kabatek v. Stackhouse* (1983), 6 Ohio St.3d 55, 6 OBR 73, 451 N.E.2d 248.

In mandamus actions filed pursuant to the Public Records Act, R.C. 149.43, attorney fees have been allowed, since R.C. 149.43 allows for the recovery of fees in these cases. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 662 N.E.2d 334; *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049. In other mandamus actions filed under R.C. 149.43 attorney fees have not been allowed where there was a failure to demonstrate a sufficient public benefit to warrant them. *State ex rel. Plain Dealer Pub. Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 661 N.E.2d 187.

Also, attorney fees in mandamus actions have been allowed in actions filed under the Sunshine Law, R.C. 121.22, *White v. Clinton Cty. Bd. of Commrs.* (1996), 76 Ohio St.3d 416, 667 N.E.2d 1223, in actions for declaratory judgments, R.C. 2721.09, see *Motorists Mut. Ins. Co. v. Brandenburg* (1995), 72 Ohio St.3d 157, 648 N.E.2d 488, and in other cases where the underlying statute provides for the award of attorney fees.

We must now look at our case to decide if there is any statutory authority for attorney fees. R.C. Chapter 145, which covers the Public Employees Retirement System, does not allow for recovery of attorney fees. R.C. Chapter 319 relates to auditors. There is no section in R.C. Chapter 319 covering actions against the auditor. R.C. 319.24 has been repealed, and we are referred to R.C. 2921.44, dealing with dereliction of duty. R.C. 2921.45 does not provide for an allowance for recovery of attorney fees, and no other statutory authority has been found to allow for such recovery of attorney fees.

The sole remaining issue in the instant case is whether fees can be allowed under the American rule exception of bad faith by the respondent.

"Bad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." Ohio Jurisprudence 3d Words and Phrases (1996 Supplement) 20.

Respondent's action in refusing to certify to the Board of PERS the relator's earnings over the period in question, while possibly being poor judgment, does not rise to the level of "dishonest purpose, moral obliquity, conscious wrongdoing,

breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." In the filings before the court, respondent had indicated that he believed that to certify relator's earnings would be to attest that he believed relator was entitled to have those years credited toward his PERS service, which in fact respondent did not believe. The fact that respondent was mistaken in his reasons for not certifying relator's earnings is not proof of bad faith. *State ex rel. Kabatek, supra.*

Absent any statutory authority to allow attorney fees and without the bad faith exception to the American rule, Ohio law does not allow for attorney fees in this case.

Motion of relator denied. Judgment for respondent. Costs taxed against relator.