OPINION
Appellant, Catherine Hall Gillette, appeals the judgment of the Lake County Court of Common Pleas, granting appellees' motions for summary judgment and denying appellants' motion for summary judgment.
Appellant owns Sublot 9 in Morely Hills Subdivision No. 6 ("MH 6"). She purchased this property from Shandle Builders, Inc. [aka Shandle and Associates, Inc.] ("the developer") in 1987. The plat map of the subdivision, available to appellant at the time she purchased the property, shows Sublot 9 as a pie-shaped lot fronting Catalpa Circle next to Sublot 8, owned by Ross and Andrea Beebe. The plat map also shows that between Sublots 8 and 9 is a twenty foot strip of land, not owned by either appellant Gillette or the Beebes, which is a part of a parcel known as Parcel "A." Parcel "A," 6.107 acres of land currently owned by Dawson Builders, Inc., contains a dam and retention basin, which the City of Mentor maintains and services. The dam and retention basis were built by the developer to serve as a collection area for excess water run-off from Morley Hills Subdivisions Nos. 5 and 6. The twenty foot strip of land serves as the only street access from Parcel "A." The City of Mentor has an access easement over Parcel "A," which includes the twenty foot strip between Sublots 8 and 9.
On March 28, 1994, David L. Wolfe[1] and Catherine Hall Gillette, filed a taxpayer's action on behalf of the City of Mentor against numerous defendants[2] after learning that Dawson Builders, Inc., the owner of Parcel "A" had submitted an application for a minor subdivision in December of 1993. They alleged that the final plat of MH6, recorded on June 14, 1984, did not incorporate the following stipulations imposed by the Mentor City Council, which were conditions precedent to the approval of the final plat: (1) that an additional twenty feet be incorporated into sublots 8 and 9; (2) that the City of Mentor be granted an easement in order to gain access to the dam and retention basin located on Parcel "A"; and (3) that ownership of Parcel "A" would continue by the developer.
Wolfe and Gillette sought the relief of specific performance of Ordinance 80-0-81 in Count One of the complaint; reformation of the plat of MH6 in Count Five of the complaint or alternative relief that the plat is void and a remand order in Count Three of the complaint; fraud by appellees George C. Hadden, Clifford Shandle, and Shandle and Associates, Inc. against the City of Mentor in Counts Two and Six; and judgment in Count Four that Parcel "A" is an area-wide drainage facility and an order that the City of Mentor purchase Parcel "A" pursuant to amended Section 152.056 of the Mentor Code of Ordinances, which provides that area-wide facilities be placed on City-owned easements.
The following appellees filed motions for summary judgment against appellant: the City of Mentor, Mentor Planning and Zoning Commission, Harry Fishleigh, III, Raymond Kirchner, Jr., Joseph Kampman, Verne McClelland, William Snow, Earl Sherwood, Dawson Builders, Inc., and Shandle and Associates. The appellants also filed a motion for summary judgment. On March 17, the trial court granted summary judgment in favor of each of the above appellees and denied appellants' motion for summary judgment. From this judgment, appellant assigns the following errors:
 "[1.] The trial court erred to the prejudice of plaintiffs/relators-appellants by granting defendants-appellees' motions for summary judgment.
 "[2.] The trial court erred to the prejudice of plaintiffs/relators-appellants when it improperly denied appellants' motion for summary judgment on counts one, three and five."
In appellant's first assignment of error, she alleges that the trial court erred by granting appellees' motions for summary judgment. Pursuant to Civ.R. 56(C), a party is entitled to summary judgment if he can demonstrate that no genuine issue as to any material fact exists and that he is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280. The trial court did not err by granting appellees' motion for summary judgment because appellant does not have standing to bring a taxpayer suit under R.C. 733.59.
R.C. 733.59 provides, in part:
 "If the village solicitor or city director of law fails, upon the written request of any taxpayer of the municipal corporation, to make any application provided for in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation.
On February 9, 1994, James Gillette, representing his wife and David Wolfe, wrote a letter to I. James Hackenberg, Law Director for the City of Mentor, requesting that the City of Mentor file an action to enforce Ordinance 80-0-81 pursuant to R.C. 733.57.[3] The letter stated that:
 "[the] ordinance included specific stipulations as conditions for approval of the final plat of Morley Hills Estates Subdivision No. 6. Specifically, Parcel "A" was to be owned by the developer, Shandle and Associates, Inc.; and the twenty foot walkway to Parcel "A" was to be incorporated as part of sublots eight and nine with an easement to the City of Mentor over the walkway."
Because the City of Mentor refused to institute an action to enforce the terms of the ordinance, appellant instituted this litigation. Appellant claims that she has standing to file a taxpayer action because she is enforcing the City of Mentor's rights and privileges with respect to Parcel "A." However, looking at the facts in a light most favorable to appellant, we do not see that the City of Mentor has any rights or privileges that are being evaded by the non-enforcement of Ordinance No. 80-0-81. Assuming that approval of MH6 was conditioned upon: (1) an additional twenty feet being incorporated into sublots 8 and 9; (2) the City of Mentor being granted an easement in order to gain access to the dam and retention basin located on Parcel "A"; and (3) the developer continuing to own Parcel "A," by the time appellant filed her lawsuit, the City of Mentor had received an easement over Parcel "A" and the developer had no further obligation to the City.
While it is true that the developer failed to convey an easement to the City of Mentor before the MH6 plat was approved, George Hadden, who purchased Parcel "A" from the developer, conveyed a drainage easement to the City of Mentor on June 21, 1991. Although the strip of land over which the City of Mentor has an easement is now owned by Dawson Builders, Inc. rather than split between the owners of sublots 8 and 9, this does not affect the City of Mentor. As stated in the City's brief, "[t]he City of Mentor will retain an easement over the 20' strip regardless of who holds the fee interest in the 20' strip." Furthermore, the continuing ownership of Parcel "A" by the developer does not affect the City's interests because the City's easement over Parcel "A" enables it to use Parcel "A" for drainage and water retention purposes, regardless of who owns the parcel.
The City of Mentor has no rights or privileges with respect to Parcel "A" that need to be enforced; therefore, appellant has no standing to file a taxpayer suit. "[T]o maintain a [taxpayer] action under R.C. 733.59, the taxpayer's aim must be to enforce a public right, regardless of any personal or private motive or advantage." State ex. rel. Caspar v. City of Dayton (1990),53 Ohio St.3d 16. Because no public right exists, what is left in this case is solely a private motive. Appellant does not want Dawson Builders, Inc. to be able to build on Parcel "A." Whether Dawson builds on its property is a matter that affects only the homeowners in MH6 and does not pertain to the public; the purpose of appellant's suit is not "to enforce a right of action on behalf of and for the benefit of the public." State ex. rel. White v.Cleveland (1973), 34 Ohio St.2d 37, 40. Appellant has no standing to ask for the specific enforcement of Ordinance 80-0-81 or any of the alternative relief requested in the complaint.
Furthermore, appellant has no standing to bring a taxpayer suit to compel the City of Mentor to purchase Parcel "A" based upon the ordinance that provides that all area-wide retention facilities be placed on city-owned easements. Requiring the City of Mentor to expend public money to purchase Parcel "A" when it already has an easement, which permit City access to the drainage facility, does not result in a benefit to the public. Because appellant has no standing to bring a taxpayer suit, the trial court did not err by granting appellees' motions for summary judgment.
Appellant's second assignment of error is rendered moot by the conclusion that the trial court did not err by granting appellees' motions for summary judgment.
The trial court's judgment is affirmed.
 _____________________________ JUDGE MARY CACIOPPO
Ret., Ninth Appellate District sitting by assignment
CHRISTLEY, P.J., O'NEILL, J., concur.
[1] David Wolfe is no longer a party to this action.
[2] The following parties were named as defendants: Dawson Builders, Inc., George Hadden, Clifford Shandle, successor in interest to Shandle and Associates, Inc., Ross Beebe, Andrea Beebe, City of Mentor, The Planning and Zoning Commission, City of Mentor, Harry Fishleigh, III, Clifford Shandle, Raymond J. Kirchner, Jr., Joseph W. Kampman, Verne J. McClelland, William D. Snow, and Earl M. Sherwood.
[3] R.C. 733.57 provides: "When an obligation or contract made on behalf of a municipal corporation, granting a right or easement or creating a public duty, is being evaded or violated, the village solicitor or city director of law shall apply for the forfeiture or the specific performance thereof as the nature of the case requires."