[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 449.]

THE STATE EX REL. CHAPNICK, APPELLEE AND CROSS-APPELLANT, *v.* EAST CLEVELAND CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. Chapnick v. E. Cleveland City School Dist. Bd. of Edn.*, 2001-Ohio-1585.]

*Schools—Appeal from court of appeals' grant writ of mandamus, compelling East Cleveland City School District Board of Education to issue an employment contract to relator and to pay him all back pay and benefits to which he is entitled, dismissed as moot—Denial of relator's request for attorney fees affirmed.*

(No. 01-90—Submitted September 19, 2001—Decided October 17, 2001.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Cuyahoga County, No. 78088.

————————————

*Per Curiam.*

{¶ 1} From September 1990 through July 2000, appellant and cross-appellee, East Cleveland City School District Board of Education ("board"), employed appellee and cross-appellant, Stephen Chapnick, in the position of business manager under a series of two-year contracts. These contracts contained the caption "Administrator's Contract" and included the following language:

"WHEREAS, the Board of Education has determined it necessary to contract for the employment of an administrative officer pursuant to Section 3319.02, Ohio Revised Code, * * * the Board of Education has approved such recommendation and has authorized this contract."

{¶ 2} While employed as a business manager for the district, Chapnick performed various duties, including negotiating, preparing, and executing contracts

concerning food, transportation, maintenance, and security services, and recommending the hiring, termination, and discipline for classified staff, which included food service workers, transportation employees, custodial staff, and maintenance employees.

{¶ 3} Chapnick's last contract with the district covered the period from August 1998 through July 2000. The board did not give written notice of its intention not to reemploy Chapnick on or before the last day of March 2000 as required by R.C. 3319.02(C) in the contractual employment of certain school administrators.

{¶ 4} After the board failed to reemploy Chapnick, he filed a complaint in the Court of Appeals for Cuyahoga County. In the complaint as subsequently amended, Chapnick requested a writ of mandamus to compel the board to employ him for a term of two years commencing in August 2000 and ending in July 2002 at the same salary plus any increments to which he may be entitled, a writ of prohibition to prevent the board from transferring him to a position of lesser responsibility during the two-year period, and an award of reasonable attorney fees.

{¶ 5} The parties filed motions for summary judgment, and the court of appeals subsequently granted a writ of mandamus to compel the board to issue an "other administrator's" employment contract to Chapnick pursuant to R.C. 3319.02 and to pay him all back pay and benefits to which he is entitled. The court of appeals also denied Chapnick's requests for a writ of prohibition and for attorney fees.

{¶ 6} This cause is now before the court upon the board's appeal and Chapnick's cross-appeal from the judgment of the court of appeals.

Appeal

{¶ 7} In its appeal, the board asserts that the court of appeals erred in granting the writ of mandamus because Chapnick was not entitled to notice under R.C. 3319.02 and he had an adequate remedy in the ordinary course of law. *Amicus*

*curiae* Ohio School Boards Association filed an appellate brief in support of the board's appeal.

{¶ 8} By letter dated June 12, 2001, however, the board informed Chapnick that it had voted to reinstate him to the business manager position, to compensate him for back pay for the period from August 1, 2000, to credit him with a year of service for his pension, and to suspend his contract without pay pending termination. On June 20, Chapnick moved to dismiss the board's appeal as moot because of the board's reinstatement of him.

{¶ 9} We grant Chapnick's motion and dismiss the board's appeal as moot. According to Chapnick, the board has now afforded him the extraordinary relief in mandamus that the court of appeals ordered. See *Miner v. Witt* (1910), 82 Ohio St. 237, 92 N.E. 21, syllabus; cf. *State ex rel. Jones v. O'Connor* (1999), 84 Ohio St.3d 426, 704 N.E.2d 1223, 1224 ("Mandamus does not lie to compel an act that has already been performed"). Nor is any exception to the mootness doctrine implicated here. See, *e.g., State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182, 1185. The board, in fact, did not file any timely response opposing Chapnick's motion.

{¶ 10} Therefore, the board's appeal is moot and is dismissed.

Cross-Appeal

{¶ 11} In his cross-appeal, Chapnick asserts that the court of appeals erred in denying his request for attorney fees. Chapnick claims that he is entitled to attorney fees because they constitute damages related to his mandamus action under R.C. 2731.11 and the board's bad faith necessitated his prosecution of the writ action.

{¶ 12} Chapnick's assertions are meritless. His attorney fees are not recoverable as damages under R.C. 2731.11. *State ex rel. Murphy v. Indus. Comm.* (1980), 61 Ohio St.2d 312, 313, 15 O.O.3d 386, 387, 401 N.E.2d 923, 924; *State ex rel. Grosser v. Boy* (1976), 46 Ohio St.2d 184, 185, 75 O.O.2d 228, 347 N.E.2d

539, 540; *State ex rel. Gerchak v. Tablack* (1997), 117 Ohio App.3d 222, 226-227, 690 N.E.2d 93, 96.

{¶ 13} Regarding Chapnick's remaining contention, " '[t]he general rule in Ohio is that, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed was found to have acted in bad faith.' " *State ex rel. Kabatek v. Stackhouse* (1983), 6 Ohio St.3d 55, 55-56, 6 OBR 73, 74, 451 N.E.2d 248, 249, quoting *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 369, 21 O.O.3d 228, 232, 423 N.E.2d 1099, 1103. Chapnick did not introduce any evidence or argument in the court of appeals to support his contention that the board acted in bad faith. *Murphy*, 61 Ohio St.2d at 313, 15 O.O.3d at 387, 401 N.E.2d at 924. Further, no evidentiary hearing on the motion is required. See, *e.g., In re Removal of Osuna* (1996), 116 Ohio App.3d 339, 342, 688 N.E.2d 42, 44 ("[T]he trial court followed the overwhelming weight of authority in Ohio in deciding that a hearing is not always necessary before overruling a motion for attorney fees").

{¶ 14} Based on the foregoing, we affirm the judgment of the court of appeals denying Chapnick's request for attorney fees.

*Appeal dismissed in part*
*and judgment affirmed in part.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Dinn, Hochman, Potter & Levy LLC* and *Steven B. Potter*, for appellee and cross-appellant.

*Baker & Hostetler LLP* and *Tom A. King*, for appellant and cross-appellee.

*Bricker & Eckler LLP* and *Kimball H. Carey*, urging reversal for *amicus curiae*, Ohio School Boards Association.

_____