THE STATE EX REL. SAWYER, APPELLEE AND CROSS-APPELLANT, *v.* CENDROSKI, CLERK OF COUNCIL, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. Sawyer v. Cendroski,*
118 Ohio St.3d 50, 2008-Ohio-1771.]

(No. 2007–1737—Submitted April 9, 2008—Decided April 17, 2008.)

———

**Per Curiam.**

{¶ 1} This is an appeal and cross-appeal from a judgment granting a writ of mandamus to compel the clerk of a city council to certify to the council a petition to proceed with a recall election of a council member and denying the prevailing party's request for attorney fees. Because the council member who was the subject of the recall petition is no longer in office, we dismiss the appeal as moot. In addition, in the cross-appeal, we affirm the denial of attorney fees.

{¶ 2} In November 2003, Bruno Razov was elected to represent Ward 2 on the Eastlake City Council for a four-year term commencing January 1, 2004. In July 2005, appellee, Arlene S. Sawyer, a taxpayer residing in Ward 2 of Eastlake, submitted to appellant, Eastlake Clerk of Council Deborah Cendroski, a petition for an election to recall Razov from his office of Ward 2 council member. Cendroski subsequently notified Sawyer that the petition contained insufficient signatures.

{¶ 3} In October 2005, Sawyer filed an action in the Court of Appeals for Lake County for a writ of mandamus to compel Cendroski to certify the recall petition

to the Eastlake City Council and to Razov. Sawyer alleged that she was bringing her mandamus claim as a taxpayer action, and she requested an award of attorney fees pursuant to R.C. 733.61. Cendroski submitted an answer stating that Sawyer's mandamus claim was barred because she had failed to post bond.

{¶ 4} The court of appeals granted Sawyer a writ of mandamus on August 13, 2007, to compel Cendroski to certify the recall petition to the Eastlake City Council. In so holding, the court adopted Sawyer's interpretation of a charter signature requirement for recall petitions and rejected Cendroski's claim that the court had improperly admitted hearsay evidence. The court also denied Sawyer's request for attorney fees.

{¶ 5} Cendroski appealed the granting of the writ of mandamus, and Sawyer cross-appealed the denial of her request for attorney fees. The parties subsequently stipulated that "any certification and recall election shall be stayed" because Razov's term would end on December 31, 2007, and he was not a candidate for council member at the November 6, 2007 election. The parties thus asked us to stay "any certification and recall election" and to consider the merits of this appeal and cross-appeal following the conclusion of briefing. We granted the parties' motion and stayed the judgment of the court of appeals. 115 Ohio St.3d 1429, 2007-Ohio-5530, 874 N.E.2d 1214.

{¶ 6} This cause is now before the court upon Cendroski's appeal and Sawyer's cross-appeal.

### Appeal from Grant of Writ of Mandamus

{¶ 7} In her appeal, Cendroski asserts that the court of appeals erred in granting the writ of mandamus because the court misinterpreted the charter's signature requirement for recall petitions and erred in admitting hearsay evidence.

{¶ 8} We dismiss this appeal as moot because, as the parties conceded in their joint stipulation, the council member who was the subject of Sawyer's recall petition and the court of appeals' judgment granting the writ of mandamus is now out of office. In effect, the objective of Sawyer's mandamus claim has now been achieved with the council member's departure from office. See, e.g., *State ex rel. Law Office of Montgomery Cty. Pub. Defender v. Rosencrans*, 111 Ohio St.3d 338, 2006-Ohio-5793, 856 N.E.2d 250, ¶ 15; *State ex rel. Chapnick v. E. Cleveland City School Dist. Bd. of Edn.* (2001), 93 Ohio St.3d 449, 451, 755 N.E.2d 883 (appeal from grant of writ of mandamus dismissed as moot when board of education afforded relator the relief requested).

{¶ 9} This is not a case in which the issues raised in Cendroski's appeal are capable of repetition yet evading review. "This exception [to the mootness doctrine] applies when the challenged action is too short in duration to be fully

litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Dispatch Printing Co. v. Louden* (2001), 91 Ohio St.3d 61, 64, 741 N.E.2d 517. The issues that Cendroski raises, which are related to election provisions, will not always be rendered moot before there is a final judicial resolution. See, e.g., *State ex rel. Todd v. Felger*, 116 Ohio St.3d 207, 2007-Ohio-6053, 877 N.E.2d 673, ¶ 12 ("Election cases are often fully litigated before the pertinent election"). Both parties could have sought a more expeditious resolution by the court of appeals or requested an accelerated briefing and evidence schedule on appeal here, but neither did.

{¶ 10} Based on the foregoing, we dismiss Cendroski's appeal as moot. "This is consistent with our general rule that we will not issue advisory opinions, which we have applied to election cases." *Todd*, at ¶ 13.

### Cross–Appeal from Denial of Request for Attorney Fees

{¶ 11} In her cross-appeal, Sawyer asserts that the court of appeals erred in denying her request for attorney fees that she sought pursuant to R.C. 733.61 by a statutory taxpayer action. "The decision to award attorney fees to successful relators in an R.C. Chapter 733 taxpayer suit is within the court's discretion." *State ex rel. DeBrosse v. Cool* (1999), 87 Ohio St.3d 1, 7, 716 N.E.2d 1114. An abuse of discretion reflects an unreasonable, arbitrary, or unconscionable attitude. *State ex rel. Duncan v. Portage Cty. Bd. of Elections*, 115 Ohio St.3d 405, 2007-Ohio-5346, 875 N.E.2d 578, ¶ 10.

{¶ 12} The court of appeals did not abuse its discretion in determining that Sawyer's mandamus action is not a statutory taxpayer action, because she did not give security for the cost of the proceeding. R.C. 733.59 ("No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding"). Relators are not entitled to attorney fees under R.C. 733.61 unless they have given security. *State ex rel. Citizens for a Better Portsmouth v. Sydnor* (1991), 61 Ohio St.3d 49, 54, 572 N.E.2d 649.

{¶ 13} Although we have recognized that a trial court has the discretion under certain circumstances to waive the security requirement, see *State ex rel. Fisher v. Cleveland*, 109 Ohio St.3d 33, 2006-Ohio-1827, 845 N.E.2d 500, ¶ 42–45, the court of appeals did not waive this requirement here. In fact, unlike the respondents in *Fisher*, at ¶ 44, who failed to timely claim that the lack of security precluded the statutory taxpayer action, Cendroski raised this issue in her answer, her response to Sawyer's motion for summary judgment, her posttrial brief and proposed conclusions of law, and her response to Sawyer's objections to the magistrate's decision.

{¶ 14} Therefore, the court of appeals did not act unreasonably, arbitrarily, or unconscionably by denying Sawyer's request for attorney fees. We affirm the judgment of the court of appeals in that regard.

Appeal dismissed in part,
and judgment affirmed in part.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Bernard Mandel, for appellee and cross-appellant.

Joseph R. Klammer, Eastlake Law Director, for appellant and cross-appellee.