OPINION *Page 2 
{¶ 1} On May 16, 2005, appellant, Lawyers Property Development Corporation, obtained a judgment against appellee, Debra Miley, in the amount of $600,000. Appellee had embezzled monies from appellant for which she was tried and convicted.
 {¶ 2} On August 16, 2005, appellant filed an attachment motion to collect on the judgment. The trial court approved the attachment upon the posting of a bond on August 17, 2005. The attachment order was executed on August 24, 2005. All of appellee's personal property was seized.
 {¶ 3} On August 24, 2005, appellee requested a hearing on the motion. Hearings before a magistrate were held on September 6 and October 17, 2005. By decision filed July 16, 2007, the magistrate awarded attorney fees to appellee as a sanction against appellant for following the wrong statutory procedure despite following the trial court's order. Appellant filed objections. By judgment entry filed October 16, 2007, the trial court adopted the magistrate's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT AND MAGISTRATE ERRED BY AWARDING THE DEFENDANT AND CLAIMANT ATTORNEY FEES FROM THE PLAINTIFF."
 I {¶ 6} Appellant claims the trial court erred in affirming and adopting the magistrate's allowance of attorney fees. We agree. *Page 3 
 {¶ 7} In his decision filed July 16, 2007, the magistrate found appellant used "the wrong statutory attachment procedure" and as a consequence, ordered appellant to pay attorney fees: "d) due to this wrongful filing requiring two days of court representation, the plaintiff shall pay each defense counsel $500.00 for their attorney fees."
 {¶ 8} In its judgment entry filed October 16, 2007, the trial court found the following:
 {¶ 9} "The affidavit of attorney Jeffrey Kramer attempts to introduce past hearing testimony into the record. He has failed to comply with Civil Rule 53(E)(3)(c) by not filing the transcript of the hearing. The plaintiff acknowledges the seizure should have been pursuant to R.C. 2715.15 et. seq, in their objections. The Magistrate was within his authority to grant attorney fees for this wrongful seizure. Upon examination of the Magistrate's Decision, the Court finds no error of law or other defect on the fact of the decision."
 {¶ 10} We reverse this decision for the following reasons. The trial court denied the objections because a transcript of the hearing was not filed. This finding is in error. The trial court's docket reveals the transcript of the magistrate's hearings held on September 6 and October 17, 2005 was filed on January 17, 2006, some ten months prior to the trial court's decision.
 {¶ 11} Pursuant to Civ. R. 53(D)(4)(d), a trial court is required to rule on the objections after an independent review:
 {¶ 12} "(4) Action of court on magistrate's decision and on anyobjections to magistrate's decision; entry of judgment or interim orderby court. *Page 4 
 {¶ 13} "(d) Action on objections. If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate."
 {¶ 14} The trial court failed to review the objections vis-à-vis the filed transcript. If the trial court had reviewed the transcript, the trial court would have determined the hearings were devoid of any request for attorney fees or any discussion thereon. The record must demonstrate facts upon which the reasonableness of attorney fees may be judged. Swanson v. Swanson (1976), 48 Ohio App.2d 85.
 {¶ 15} The "American Rule" regarding recovery of attorney fees by the prevailing party in a civil action generally requires statutory authorization for awarding attorney fees. State ex rel. Caspar v.Dayton (1990), 53 Ohio St.3d 16.
 {¶ 16} Upon review, we find the matter of attorney fees was not properly before the magistrate. The magistrate failed to follow the American Rule on attorney fees. Further, by essentially granting the attachment per the proper standards (R.C. 2329.01 et. seq.), any award of attorney fees would have been in error.
 {¶ 17} The sole assignment of error is granted. *Page 5 
 {¶ 18} The judgment of the Court of Common Pleas of Richland County, Ohio as to attorney fees is hereby reversed.
 Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio as to attorney fees is reversed. Costs to appellee. *Page 1