OPINION
Defendant-appellant, Heather Vilvens, appeals her conviction in the Warren County Court for failure to observe a traffic control device. For the reasons that follow, we reverse appellant's conviction.
On the morning of February 22, 2000, appellant was operating a motor vehicle when she was involved in an accident at the intersection of State Route 73 and Red Lion Five Points Road. As a result of the accident, appellant received a traffic ticket for "improper passing w/in intersection" in violation of "R.C. 4511.30."
Appellant waived her rights to a speedy trial on the charge. On May 15, 2000, appellant moved the trial court to dismiss the charge on the grounds that the citation was defective. Appellant alleged the citation was defective for failing to cite a correct section of the Revised Code.
On May 26, 2000, appellant received another citation for the same accident. The second citation charged appellant with disobeying a traffic control device in violation of R.C. 4511.12. The citation ordered appellant to appear for arraignment on June 27, 2000.
Appellant appeared for trial on the first charge on June 13, 2000. However, the state moved the trial court for a nolle prosequi for the reason that appellant was charged under the wrong section of the Revised Code. The trial court granted the motion and dismissed the first charge against appellant with prejudice. That same day, appellant received a third citation, which was identical to the second citation.
Appellant moved the trial court to dismiss the second charge on June 27, 2000 on the basis that her statutory rights to a speedy trial had been violated. The trial court overruled appellant's motion. The trial court concluded that appellant had waived her rights to a speedy trial on the charge. In addition, the trial court found that the charge was an amendment of the first charge.
After conducting a trial on the matter, the trial court convicted appellant of disobeying a traffic control device. Appellant appeals her conviction and raises six assignments of error for review.
Assignment of Error No. 1:
 THE LOWER COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO DISMISS THE CHARGES AGAINST MRS. VILVENS WHEN HER STATUTORY AND/OR CONSTITUTIONAL SPEEDY TRIAL RIGHTS WERE VIOLATED.
Assignment of Error No. 2:
 THE LOWER COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO DISMISS Case No. 00TRD03621 AND HOLDING THAT THE CHARGE IN THAT CASE WAS MERELY AN AMENDMENT OF THE CHARGE FILE IN Case No. 00TRD01265 AND PREVIOUSLY DISMISSED WITH PREJUDICE AS THE LOWER COURT'S DECISION VIOLATES CRIM.R. 7(D) AS WELL AS PROHIBITIONS AGAINST DOUBLE JEOPARDY AND RES JUDICATA.
Assignment of Error No. 3:
 APPELLANT'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 4:
 OHIO REVISED CODE PROVISIONS REGULATING AND CONTROLING THE PROPER MANNER IN WHICH TO PASS ANOTHER VEHICLE DO NOT PROHIBIT PASSING IN THE MANNER EXECUTED BY THE APPELLANT HEREIN.
Assignment of Error No. 5:
 IT WAS PREJUDICIAL ERROR FOR THE ORIGINAL TRIAL JUDGE NOT TO IMMEDIATELY RECUSE HIMSELF WHEN A CONFLICT OF INTEREST WAS MANIFEST OR OTHERWISE DISCLOSED, AND IT WAS PREJUDICIAL ERROR FOR THE NEW TRIAL JUDGE NOT TO REVIEW, REHEAR AND/OR REDECIDE ALL MOTIONS AND ISSUES RAISED PRIOR TO THE ENTRY OF REMOVAL.
Assignment of Error No. 6:
 THE COURT SHOULD AWARD ALL APPELLANT'S COSTS AND ATTORNEY FEES.
In her first assignment of error, appellant argues that the trial court erred by failing to dismiss the charges against her when her rights to a speedy trial had been violated.
R.C. 2945.71, the speedy trial statute, incorporates the constitutional protections of the right to a speedy trial provided for in theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Brecksville v. Cook (1996), 75 Ohio St.3d 53,55. R.C. 2945.71 provides in pertinent part: "a person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons." A person charged with an offense shall be discharged if not brought to trial within the time required by section 2945.71. R.C.2945.73(B).
R.C. 2945.72 contains an exclusive list of reasons that justify an extension of time for purposes of calculating the speedy trial date under R.C. 2945.71. Among the categories set forth in R.C.2945.72 are:
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]
In addition, an accused may waive his constitutional right to a speedy trial so long as the waiver is knowingly and voluntarily made. State v.King (1994), 70 Ohio St.3d 158, 160. When an accused waives the right to a speedy trial to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances brought subsequent to the execution of the waiver. State v. Adams (1989),43 Ohio St.3d 67, syllabus.
In this case, it is not disputed that appellant waived her right to a speedy trial as to the first charge. However, she did not expressly waive her right to a speedy trial as to the second charge. The second charge arose out of the same facts and circumstances as the first charge, but was brought subsequent to the execution of the waiver in the first charge. The state attempts to circumvent this fact by arguing that the second and/or the third charge amended the first charge. The record belies this assertion.
Appellant received the second charge while the first charge was pending. At this time, the first charge had not been dismissed. There is nothing in the record to even indicate that the second charge was intended to amend the first charge. Indeed, both charges were assigned separate case numbers and proceeded independently of each other. The third charge also could not have been an amendment to the first charge, because it was identical to the second charge previously filed and already pending against appellant arising out of the same accident.
The only remaining issue is whether appellant was brought to trial on the second charge within thirty days as required under R.C. 2945.71. The record reflects that the second charge was filed on May 26, 2000. Thirty-one days later, on June 27, 2000, appellant had not been brought to trial. There is nothing in the record to justify an extension of time for calculating the speedy trial date for the charge. However, appellant was eventually tried and convicted on the second charge. Thus, the trial court erred by denying appellant's motion to be discharged. Accordingly, appellant's first assignment of error is sustained.
In light of our disposition of appellant's first assignment of error, appellant's second, third, fourth and fifth assignments of error are rendered moot.
Appellant's sixth assignment of error argues that this court should award her attorney fees for bringing this appeal since she has expended "great money," "time" and "emotional distress."
As a threshold matter, we note that appellant's sixth assignment of error fails to allege any error with regard to the proceedings below. The purpose of an assignment of error is to direct the appellate court's attention to alleged flaws in the judgment of the trial court. See App.R. 16. This court may disregard an assignment of error if a party fails to argue an assignment of error as required under App.R. 16(A). App.R. 12(A)(2); see, also, State v. Watson (1998), 126 Ohio App.3d 316,321. Therefore, we disregard appellant's assignment of error for failure to allege any error.
To the extent that appellant seeks an award of attorney fees from this court, we note that generally, absent a statutory provision allowing attorney fees, "the prevailing party is not entitled to an award of attorney fees unless that party against whom the fees are taxed was found to have acted in bad faith." State ex rel. Kabatek v. Stackhouse (1983),6 Ohio St.3d 55, 55-56. We do not find that the state proceeded in bad faith, and appellant provides no statutory authority to support an award for attorney fees in this case.[1] Therefore, we decline to award appellant attorney fees. Appellant's sixth assignment of error is overruled.
Judgment reversed, sentence vacated, and appellant discharged.
WALSH, P.J., and VALEN, J., concur.
[1] Appellant cites App.R. 24 in support of her argument for attorney fees. App.R. 24 permits an appellate court to assess damages for delay against a party that pursues a frivolous appeal. Appellant filed the appeal in this case, and we presume she would not contend that her actions were frivolous.